AARON v MICHIGAN BOILER & ENGINEERING

WEISS v JEWISH HOME FOR THE AGED

Docket Nos. 114886, 115339. Submitted April 18, 1990, at Detroit. Decided October 10, 1990. Leave to appeal applied for.

Cynthia Aaron sought workers' disability compensation benefits for a work-related injury to her knee arising out of employment with Michigan Boiler & Engineering. Following a hearing, the hearing magistrate granted Aaron a closed award of benefits for the period November 27, 1986, the date of the injury, to April 22, 1987, the date the employer's doctor determined that Aaron could return to work with certain limitations. Aaron appealed. The Workers' Compensation Appellate Commission found that the magistrate's findings were supported by competent, material, and substantial evidence on the whole record, adopted those findings except for certain specific statements made by the magistrate with respect to the testimony of a particular doctor, held as a matter of law that Aaron continued to be disabled, and modified the award to an open award. Michigan Boiler & Engineering appealed by leave granted.

Vera Weiss sought workers' disability compensation benefits for a work-related injury to her back arising out of her employment as a registered nurse with the Jewish Home for the Aged. Following a hearing, the hearing magistrate granted Weiss a closed award, finding in the face of conflicting deposition testimony of several experts that Weiss was not disabled after September 5, 1986. Weiss appealed. The Workers' Compensation Appellate Commission held that since the testimony was by deposition the magistrate was in no better position than the appellate commission to assess the demeanor and veracity of the expert witnesses, found that greater weight should have been given to the treating physician's testimony that Weiss remained disabled, held that the magistrate's finding of fact that Weiss did not continue to be disabled as of September 5, 1986, was not supported by competent, material, and substan-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 549, 550, 552, 613, 618.
See the Index to Annotations under De Novo Proceedings; Worker's Compensation.

tial evidence on the whole record, and granted an open award of benefits. The Jewish Home for the Aged appealed by leave granted.

The cases were consolidated on appeal for consideration of the question of the proper standard of review to be used by the Workers' Compensation Appellate Commission in its review of findings of fact by the hearing magistrates.

The Court of Appeals *held:*

1. The appellate commission's review of the magistrate's findings of fact is not de novo. The appellate commission must consider the findings of fact by the magistrate to be conclusive if supported by competent, material, and substantial evidence on the whole record after review of the record which includes a quantitative and qualitative analysis of the evidence.

2. The appellate commission has authority to make findings of fact, but the authority to make such findings is limited and may not be exercised where the magistrate's findings are deemed conclusive. The appellate commission has authority to make findings of fact where the magistrate's findings are not supported by competent, material, and substantial evidence on the whole record.

3. The appellate commission's determination that the Aaron award should be an open award was made as a matter of law on the findings of fact made by the magistrate.

4. It is sufficiently clear from the appellate commission's opinion on Aaron's claim that the commission's disagreement with the magistrate's characterization of the evidence given by one witness did not undercut its acceptance of the magistrate's finding of incapacity resulting from the injury. While the appellate commission's opinion could have been clearer as to its concerns relative to the findings of the magistrate, no remand for clarification is necessary.

5. The existence of the testimony of one qualified expert witness supporting the findings of fact by a magistrate does not preclude the appellate commission, after a quantitative and qualitative analysis of the evidence on the whole record, from determining that the findings of fact of the magistrate are not supported by competent, material, and substantial evidence. The "any competent evidence" standard of review applied to judicial review of administrative findings of fact is not applicable to the administrative review undertaken by the appellate commission.

6. The Court of Appeals will affirm where there is any competent evidence supporting the appellate commission's de-

termination that the findings of fact of a magistrate are not supported by competent, material, and substantial evidence. Affirmed.

1. WORKERS' COMPENSATION — APPEAL — APPELLATE COMMISSION — FINDINGS OF FACT — STANDARD OF REVIEW.

The Workers' Compensation Appellate Commission's review of the findings of fact of a hearing magistrate is not de novo; rather, the magistrate's findings are considered conclusive if, following a review of the whole record in which both a qualitative and quantitative analysis of the evidence is made, those findings are found to be supported by competent, material, and substantial evidence (MCL 418.861a; MSA 17.237[861a]).

2. WORKERS' COMPENSATION — APPELLATE COMMISSION — FINDINGS OF FACT.

The Workers' Compensation Appellate Commission has the authority to make findings of fact; however, that authority does not extend to making new findings of fact which are contrary to the findings of fact of a hearing magistrate where the magistrate's findings of fact are supported by competent, material, and substantial evidence on the whole record (MCL 418.861a; MSA 17.237[861a]).

3. WORKERS' COMPENSATION — APPELLATE COMMISSION — FINDINGS OF FACT.

The Workers' Compensation Appellate Commission may reverse or modify the findings of fact of a hearing magistrate even where those findings are supported by the testimony of a qualified expert if the appellate commission, following a quantitative and qualitative analysis of the evidence on the whole record and giving due deference to the magistrate's determination with respect to the credibility of witnesses who appeared live before the magistrate, determines that the magistrate's findings are not supported by substantial evidence.

4. WORKERS' COMPENSATION — FINDINGS OF FACT — APPEAL.

Findings of fact by the Workers' Compensation Appellate Commission are conclusive upon and may not be set aside by the Court of Appeals if supported by any competent evidence (MCL 418.861a[14]; MSA 17.237[861a][14]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Joyce M. Oppenheim* and *Granner S. Ries*), for Cynthia Aaron, (by *A.*

*Donald Kadushin* and *Granner S. Ries),* for Vera Weiss.

*Ecclestone, Moffett & Humphrey, P.C.* (by *Robert J. Humphrey),* for Michigan Boiler & Engineering.

*Murray R. Feldman,* for Jewish Home for the Aged.

BEFORE: DANHOF, C.J., and MURPHY and T. M. BURNS,* JJ.

DANHOF, C.J. These two workers' compensation cases were consolidated on appeal, because they have in common issues involving the proper standard of review of magistrates' opinions by the Workers' Compensation Appellate Commission. The Workers' Compensation Board of Magistrates, MCL 418.213; MSA 17.237(213), and the appellate commission, MCL 418.274; MSA 17.237(274), were created by 1985 PA 103. See *Civil Service Comm v Dep't of Labor,* 424 Mich 571; 384 NW2d 728 (1986), modified 425 Mich 1201 (1986), for background of this legislation.

#### THE *AARON* CASE

The magistrate found Cynthia Aaron, an apprentice ironworker and unskilled worker, to be entitled to a closed award of benefits from November 27, 1986, until April 22, 1987, because of work-related injuries to her left knee. On appeal, the appellate commission granted plaintiff an open award of benefits.

In its opinion, the appellate commission quoted the following portion of the magistrate's decision:

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The weight of the evidence, *Aquilina v General Motors Corp*, 403 Mich 206; 267 NW2d 923 (1978), establishes an injury on November 26, 1986 in which plaintiff had a board fly into her knee and nail enter the knee puncturing her knee below the kneecap. She suffered a period of disability and inability to earn wages from the date of injury. The employer paid some workers' compensation benefits and credit shall be given for benefits paid. After April 22, 1987, the defendant's doctor continued to order physical therapy and such therapy should be allowed as long as it is deemed necessary. However, she should be able to return to work at limitation. The deposition of Dr. Sprague provided the most information of the plaintiff's physical condition, but in light of the doctor's findings, his recommendations that plaintiff return to work unrestricted made no sense. He felt her physical limitation did not prevent her from doing her job, however, he clearly restricted her from crawling, and required she wear knee pads for doing so. He also stated on cross-examination that he would not recommend that she be hired as he did not find her physically able to perform her job if she was being given a physical examination prior to an initial hiring for a job. Dr. Monson, deposed on behalf of defendant, recommended a knee brace. This Magistrate does not see how the plaintiff could return to the duties of her job which included crawling on hands and knees and walking 50 to 75 feet above the ground on metal beams with the indicated restrictions.

Workers' Disability Compensation benefits are, therefore, granted for the synovitis condition of the knee, for the restricted range of motion and for the buckling problem with her knee.

Thereafter, the commission's opinion states:

From this decision plaintiff appeals arguing that the findings made by the magistrate dictate the conclusion, as a matter of law, that plaintiff continues to be disabled. We agree.

We find that the findings of fact made by the magistrate are supported by competent, material and substantial evidence on the whole record, and adopt them in part. We are persuaded that specific statements made by the magistrate relating to the testimony of Dr. Sprague are not completely accurate, yet the discrepancy is not fatal to her conclusion. However, her conclusion of law is incorrect. Based upon the great weight of the evidence, plaintiff continues to be limited in her wage earning capacity due to the injury sustained on November 26, 1986. We, therefore, affirm the decision of the magistrate with the modification that plaintiff receive an open award.

Michigan Boiler & Engineering, Aaron's employer, argues that the appellate commission's review powers are set forth in MCL 418.861a; MSA 17.237(861a), also added by 1985 PA 103, and that the appellate commission has erred in this case (1) by engaging in fact-finding when it has no authority to conduct a de novo review, (2) by holding the magistrate's findings of fact to be supported by competent, material, and substantial evidence on the whole record, but only adopting them "in part," and (3) by failing to state which of the magistrate's findings of fact it was adopting.

Aaron maintains that the appellate commission's decision granting her an open award of benefits should be affirmed since both the magistrate and the appellate commission found her to have continuing restrictions that limited her ability to do her job as an apprentice ironworker.

MCL 418.861a; MSA 17.237(861a) reads in pertinent part:

(3) Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial

evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.

(4) As used in subsections (2) and (3) "whole record" means the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination.

\* \* \*

(10) The commission or a panel of the commission, [sic] may adopt, in whole or in part, the order and opinion of the worker's compensation magistrate as the order and opinion of the commission.

(11) The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed.

(12) The commission or a panel of the commission may remand a matter to a worker's compensation magistrate for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review.

(13) A review of the evidence pursuant to this section shall include both a qualitative and quantitative analysis of that evidence and ensure a full, thorough, and fair review thereof.

(14) The findings of fact made by the commission acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have the power to review questions of law involved with any final order of the commission, if application is made by the aggrieved party within 30 days after the order by any method permissible under the Michigan court rules.

It is well established that the appellate commission's predecessor, the Workers' Compensation Appeal Board, reviewed the decisions of the hearing referees de novo. It was not even allowed to defer to experienced referees. *Kostamo v Marquette Iron*

*Mining Co,* 405 Mich 105, 135; 274 NW2d 411 (1979). The appeal board also had the discretion to take additional evidence. MCL 418.859; MSA 17.237(859). Under the new procedures established by Act 103, the appellate commission has no authority to take additional evidence on review, *Askew v Ann Arbor Public Schools,* 431 Mich 714, 723, 724; 433 NW2d 800 (1988), although it may remand a matter to a magistrate for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review. Section 861a(12). Further, the appellate commission is limited to reviewing only those specific findings of fact or conclusions of law that the parties have requested be reviewed. Section 861a(11).

The appellate commission is not authorized to review the magistrate's findings of fact de novo. Rather, such findings of fact must be considered conclusive by the appellate commission if supported by competent, material, and substantial evidence on the whole record, but such review must include a qualitative and quantitative analysis of that evidence and ensure a full, thorough, and fair review thereof. Section 861a(3) and (13).

"Substantial evidence" is defined by § 861a(3) as such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion; and § 861a(4) defines "whole record" as the entire record of the hearing, including all of the evidence in favor and all the evidence against a certain determination.

However, to the extent that Michigan Boiler argues that the appellate commission has no fact-finding authority, this Court disagrees. Section 861a(14) clearly states that "findings of fact made by the commission" acting within its powers, in

the absence of fraud, shall be conclusive. The appellate commission's fact-finding authority is limited though by the restrictions in § 861a(3) and (13). Thus, if the appellate commission finds after both a qualitative and quantitative analysis of the evidence that the magistrate's findings of fact are supported by competent, material, and substantial evidence on the whole record, as defined in § 861a(3) and (4), then the appellate commission cannot make different findings of fact. If the appellate commission finds after a proper review pursuant to § 861a that the magistrate's findings of fact are not adequately supported on the whole record, the appellate commission may proceed to make its own findings of fact or, if the record is insufficient for purposes of review, should remand to a magistrate for purposes of supplying a complete record. Section 861a(12) and (14).

Regarding Michigan Boiler's contention that the appellate commission made an unauthorized finding of fact when it changed the magistrate's closed award to an open award, it is true that the determination of disability is a finding of fact where there is any conflicting evidence. *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250; 262 NW2d 629 (1978). However, at the time of Aaron's injury, "disability" as used in Chapter 3 of the Workers' Disability Compensation Act was defined as meaning "a limitation of an employee's wage earning capacity in the employee's general field of employment." MCL 418.301(4); MSA 17.237(301)(4). Since the magistrate found Aaron to be limited and restricted in what she could do upon her return to work due to her work-related knee injury, this Court thinks that the appellate commission, as a matter of law, held on the basis of the magistrate's findings of fact that plaintiff was entitled to an open award of benefits because of

the limitation on her wage earning capacity in her general field of employment.

Michigan Boiler also argues that the appellate commission erred in stating that the magistrate's findings of fact were supported by competent, material, and substantial evidence on the whole record, and then only adopting them "in part."

Section 861a(3) makes such findings of fact conclusive on the appellate commission. While § 861a(10) allows a panel of the appellate commission to adopt "in whole or in part" the order and opinion of the magistrate, it does not permit adoption of the whole or a part of the order and opinion which consists of findings of fact not supported by competent, material, and substantial evidence on the whole record. Section 861a(3). Nevertheless, no remand is required in this case, since the appellate commission's opinion indicates that the part of the magistrate's opinion that was not adopted was certain statements inaccurately summarizing the testimony of Dr. Sprague, and that the appellate commission determined that even with Dr. Sprague's testimony accurately summarized there was competent, material, and substantial evidence supporting the finding of fact that Aaron was limited in her wage earning capacity due to the injury sustained on November 26, 1986.

Michigan Boiler's final argument is that the appellate commission erred in failing to state which of the magistrate's findings of fact it was adopting.

The problem relative to the appellate commission's opinion purporting to find adequate support for the magistrate's findings of fact and then only adopting them "in part" has been discussed above. Given the appellate commission's further explanation regarding Dr. Sprague's testimony, this Court

does not find it necessary to remand for clarification in this case. However, the appellate commission is advised that its opinion has been difficult to review, because of a certain lack of lucidity. In the future, more care in drafting opinions would save this Court time when reviewing and would diminish the likelihood of a remand for clarification.

### THE *WEISS* CASE

The magistrate found Vera Weiss, a registered nurse and skilled worker, to be entitled to a closed award of benefits for a work-related back injury. On appeal, the appellate commission granted Weiss an open award of benefits.

This case clearly presents the question of the scope of the appellate commission's power to review findings of fact made by a magistrate. Here the appellate commission said in its opinion that it would refrain from substituting its views for those of the magistrate on the testimony of witnesses who testified live before the magistrate, but that the magistrate was in no better position than the appellate commission to assess the demeanor and veracity of expert witnesses who testified by depositions. The appellate commission's opinion then states with specificity why it gave greater weight to the deposition testimony of Dr. Rottenberg, Weiss' treating physician, and lesser weight to the deposition testimony of Drs. Pollak and Miller, the employer's experts. It continues with a holding that the magistrate's finding of fact that Weiss was not disabled beyond September 5, 1986, was not supported by competent, material, and substantial evidence on the whole record. Then the appellate commission found as fact that for the same reasons Weiss had established by a preponderance of the evidence on the whole record that she continued to remain disabled.

Jewish Home for the Aged, Weiss' employer, argues that the appellate commission cannot modify a magistrate's finding of fact where that finding is supported by the testimony of at least one qualified expert witness who has a rational basis for his or her view, citing *Great Lakes Steel Division of National Steel Corp v Michigan Public Service Comm*, 130 Mich App 470, 481; 344 NW2d 321 (1983).

Weiss maintains that the *Great Lakes Steel Division* opinion is not controlling on the appellate commission, which is required by § 861a(13) to make both a qualitative and quantitative analysis of the evidence to ensure a full, thorough, and fair review thereof.

In *Great Lakes Steel Division of National Steel Corp v Michigan Public Service Comm, supra,* p 481, this Court wrote:

> In any event, it was for the PSC to weigh the conflicting opinion testimony of the qualified ("competent") experts to determine how the evidence preponderated on this point. See *Aquilina v General Motors Corp,* 403 Mich 206, 211-212; 267 NW2d 923 (1978). Expert opinion testimony is "substantial" if offered by a qualified expert who has a rational basis for his views, whether or not other experts disagree. To hold otherwise would thus neutralize all expert testimony in cases of conflict and the party with the burden of proof would automatically lose. Const 1963, art 6, § 28, intends no such absurd result.

Obviously, that case involved the Public Service Commission, not the Workers' Compensation Appellate Commission. It is distinguishable because the appellate commission's authority to review magistrate's opinions is set forth specifically in § 861a. While the appellate commission cannot

modify findings of fact that are supported by competent, material, and substantial evidence on the whole record, such review must include a qualitative and quantitative analysis of the evidence and ensure a full, thorough, and fair review. Section 861a(3) and (13). "Whole record" is defined as meaning the entire record of the hearing, including all the evidence in favor and all the evidence against a certain determination. Section 861a(4).

This Court holds that the statutory language of § 861a does permit the appellate commission to reverse or modify a magistrate's findings of fact even when they are supported by the testimony of at least one qualified expert (or as in this case two qualified experts) who has a rational basis for his or her views. That is because § 861(a) states that "substantial evidence" means such evidence considering the whole record as a reasonable mind will accept as adequate to justify the conclusion, then defines "whole record" as meaning the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination, and provides that a review of the evidence shall include both a qualitative and quantitative analysis of that evidence and ensure a full, thorough, and fair review thereof.

This language in § 861(a) appears to be modeled on the Supreme Court opinion in *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116; 223 NW2d 283 (1974). There the Supreme Court said that the standard of appellate review of the findings of fact of the Michigan Employment Relations Commission Labor Mediation Board was the standard set forth in the labor mediation act: findings of the board with respect to questions of fact if supported by competent, material, and substantial evidence on the record considered as a whole should be

conclusive. The opinion also stated that the standard of review set forth in the statute comported with the requirements of Const 1963, art 6, § 28 relative to the minimum scope of judicial review of administrative decisions: all final decisions shall be subject to direct review by the courts, and such review shall include as a minimum that the findings are supported by competent, material, and substantial evidence in the record. However, Const 1963, art 6, § 28 specifically provides for a different review standard in workers' compensation cases. It states:

> Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law.

In *MERC v Detroit Symphony Orchestra, Inc,* *supra,* the Supreme Court attempted to define the meaning of "substantial evidence" and to delineate the proper standard of review. In that case, the Court of Appeals reversed the findings of fact of the MERC board which were supported by some record evidence. However, the Court of Appeals concluded that the MERC board's findings were not supported by substantial evidence, and the Supreme Court agreed. The Supreme Court said at page 124:

> The cross-fire of debate at the Constitutional Convention imports meaning to the "substantial evidence" standard in Michigan jurisprudence. What the drafters of the Constitution intended was a thorough judicial review of administrative decision, a review which considers the whole record—that is, both sides of the record—not just those portions of the record supporting the findings of the administrative agency. Although such a review does not attain the status of de novo re-

view, it necessarily entails a degree of qualitative and quantitative evaluation of evidence considered by an agency. Such review must be undertaken with considerable sensitivity in order that the courts accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. Cognizant of these concerns, the courts must walk the tightrope of duty which requires judges to provide the prescribed meaningful review.

The discussion of the "substantial evidence" standard in *MERC v Detroit Symphony Orchestra, supra,* related to judicial review of an administrative agency and to courts giving proper deference to administrative expertise. By contrast, in workers' compensation cases, both the appellate commission and the magistrate are part of the administrative agency to whom due deference to administrative expertise is owed by the courts. See Welch, Worker's Compensation in Michigan: Law & Practice, § 21.10, p 304. Thus, there does not appear to be any need for the appellate commission to defer to the magistrate on the basis of administrative expertise. Also, *MERC v Detroit Symphony Orchestra* involved credibility issues and deference to the trial examiner who heard the testimony firsthand. In most workers' compensation cases, the expert testimony is by deposition so the magistrate does not see and hear the expert witnesses. Therefore, the appellate commission could reasonably conclude that a magistrate's decision based on expert testimony given by way of deposition was not entitled to any deference with regard to credibility since both the magistrate and the appellate commission reviewed a written record of the expert witness' testimony.

Moreover, even though the appellate commission

should give deference to the magistrate regarding credibility issues as to witnesses who appeared live before the magistrate, the appellate commission could disagree with the magistrate's findings on credibility since its review is both qualitative and quantitative, provided the appellate commission had given deference to the magistrate's superior position in viewing the witness. See *MERC v Detroit Symphony Orchestra, supra.*

In *Aquilina v General Motors Corp,* 403 Mich 206, 210-213; 267 NW2d 923 (1978), the Supreme Court said that a workers' compensation claimant must prove his or her entitlement to benefits by "a preponderance of the evidence" and that, on those issues upon which the employer had the burden of proof, the employer must prove those matters by "a preponderance of the evidence." However, it was also stated that the standard of review by which the reviewing courts evaluate the findings of fact made by the Workers' Compensation Appeal Board is the "any competent evidence" standard. *Id.,* p 213, n 4.

MCL 418.861; MSA 17.237(861), which was cited in *Aquilina* as the source of the "any competent evidence" standard, provides:

> The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. *The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board,* if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state. [Emphasis added.]

The rationale for the "any competent evidence" standard of review of the appeal board's findings of fact was that this Court was only authorized by

§ 861 to review "questions of law" and that a finding of fact by the appeal board could only become a question of law when there was no competent evidence to support it. If there were some competent evidence in the record to support a finding of fact, then the appeal board had the authority under § 861 to weigh that evidence and make its finding, which was conclusive in the absence of fraud.

MCL 418.861a(14); MSA 17.237(861a)(14), quoted *supra,* was added by 1985 PA 103. It is almost identical to and is substantially the same as the language in § 861, except that § 861 relates to the Workers' Compensation Appeal Board and § 861a(14) relates to the Workers' Compensation Appellate Commission. Thus, the ruling in *Aquilina, supra,* relative to the findings of fact of the appeal board being conclusive if supported by "any competent evidence" is also the standard applicable to this Court's review of findings of fact made by the appellate commission.

This Court holds that the deposition testimony of Dr. Rottenberg, Vera Weiss' treating physician, was some competent evidence in support of the appellate commission's determination that the magistrate's finding of fact that plaintiff was not disabled beyond September 5, 1986, was not supported by competent, material, and substantial evidence on the whole record and of the appellate commission's finding that she did in fact continue to be disabled.

THE *HOLDEN* CASE

The above opinion in *Weiss* is contrary in some important respects to the recent opinion in *Holden v Ford Motor Co,* 185 Mich App 305; 460 NW2d 316 (1990), in which this Court first considered the

standard by which the Court of Appeals reviews the Workers' Compensation Appellate Commission's review of findings of fact made by the magistrate and whether the appellate commission can reverse or modify a magistrate's findings of fact which are supported by the testimony of at least one qualified expert who has a rational basis for his or her views. For the benefit of the bench and bar, the reasons for not following the *Holden* case will now be discussed specifically.

In *Holden,* p 321, this Court said:

> In essence, 1985 PA 103 was intended to make the magistrate the factfinder and eliminate de novo review by the appellate commission. Instead, the appellate commission was to review the magistrate's decision to determine if it was supported by competent, material and substantial evidence on the whole record. The statutory language parallels the language discussed in *Michigan Employment Relations Comm, supra.* By mandating that the appellate commission employ this standard of review, the Legislature sought to reduce the number of appeals filed with the appellate commission and, thereby, prevent the backlog in appeals which had occurred in the appeal board as a result of the prior standard of review. *Civil Service Comm, supra,* pp 585-585.
>
> Given the different functions performed by the appeal board and the appellate commission, *we believe that the "acting within its powers" language in MCL 418.861a(14); MSA 17.237(861a)(14) becomes critical.* Therefore, we conclude that reviewing courts must determine whether the appellate commission correctly applied the competent, material, and substantial evidence on the whole record test when it reviewed the magistrate's findings of fact. [Emphasis added.]

However, the "acting within its powers" language of § 861a(14), relative to the appellate com-

mission's making findings of fact, is identical to the "acting within its powers" language of § 861, relative to the appeal board's making findings of fact. If this language is "critical" to the *Holden* conclusion that this Court must review the appellate commission's review of the magistrate's findings of fact under the "competent, material, and substantial evidence on the whole record test," would it not also have been critical to this Court's review of the appeal board's findings of fact under the "preponderance of the evidence" standard? Yet it is undisputed that this Court's review of the appeal board's findings of fact was pursuant to the "any competent evidence" test. *Aquilina v General Motors Corp, supra.* In the past, appellants in workers' compensation cases often asked this Court to reverse the appeal board's findings of fact on the basis that they were not supported by a preponderance of the evidence. This Court routinely declined to do so, on the authority of *Aquilina,* and instead applied the "any competent evidence" standard.

The *Holden* opinion does correctly point out that the appellate commission has a more limited function than did the appeal board. Decisions of hearing referees were reviewed de novo by the appeal board, whereas the appellate commission can only review those specific findings of fact or conclusions of law that the parties have requested be reviewed, and the appellate commission must affirm the magistrate's findings of fact if supported by competent, material, and substantial evidence on the whole record. Further, the appellate commission has no authority to take additional evidence on review.

However, the *Holden* opinion, while acknowledging the fact that when the appeal board had de novo review this Court only reviewed the appeal

board's findings under the "any competent evidence" standard, overlooks the fact that it is inconsistent to view current statutory provisions that give the appellate commission less reviewing power than the appeal board had as somehow increasing the scope of review of the Court of Appeals. Actually, the decrease in power at the administrative review level constitutes less, not more, reason to expand this Court's reviewing authority.

Further, there is no apparent intent on the part of the Legislature to increase this Court's standard of review in workers' compensation cases. The *Holden* opinion correctly states that the reason for the change in functions performed by the appellate commission compared with those performed by the appeal board was to address the backlog in appeals at the administrative level. *Civil Service Comm v Dep't of Labor, supra.* Unlike the appeal board, which in its de novo review capacity generally wrote long opinions summarizing and analyzing the facts and the law, the appellate commission may write very short opinions by adopting, in whole or in part, the order and opinion of the magistrate. This is an obvious saving of substantial time for the appellate commission. Further, unlike the appeal board, the appellate commission can only review those specific findings of fact or conclusions of law that the parties have requested be reviewed. There is no reason to think, however, that this savings in appellate time at the administrative level was intended to be at the expense of the Court of Appeals. It is neither necessary nor desirable for this Court to make an independent review of the whole record to determine if the appellate commission erred in finding that the magistrate's findings of fact were not supported by

competent, material, and substantial evidence on the whole record.

As a practical matter, if this Court undertakes an expanded review of the appellate commission's opinions, as compared to this Court's review of the appeal board's opinions, it is going to increase substantially the work of this Court, and it will add to the work of the appellate commission as this Court finds itself in disagreement with the appellate commission's finding that a magistrate's decisions were not supported by competent, material, and substantial evidence on the whole record, and reverses. The result of this would be an increase in this Court's backlog and an increase in the appellate commission's backlog, neither of which comports with the intention of the Legislature when it adopted § 861a.

The fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature; to that end a statute should receive a construction which effectuates its purpose rather than one which leads to absurd results. *Distel v Dep't of Mental Health,* 138 Mich App 576, 579; 360 NW2d 249 (1984). It is well established that in attempting to discern the intent of the Legislature a court will look to the object of the statute, the evil or mischief it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *In re Spencer Estate,* 147 Mich App 626, 631; 383 NW2d 266 (1985).

Although the standard of review employed by the appellate commission is different than the standard of review employed by the appeal board, the reviewing responsibilities of this Court with regard to workers' compensation cases has not changed. That is, this Court will review the appellate commission's opinions, as it did the appeal

board's opinions, for errors of law. Section 861a(14), *supra.* If there is any competent evidence to support an appellate commission finding that the magistrate's findings of fact were not supported by competent, material, and substantial evidence on the whole record, then this Court will affirm.

Regarding the second issue presented in the *Holden* case, *supra,* whether the appellate commission can reverse or modify a magistrate's findings of fact which are supported by the testimony of at least one qualified expert who has a rational basis for his or her views, the above decision in the *Weiss* case answers that question in the affirmative. The basis for that decision is the language in § 861a(13) which states that a review of the evidence pursuant to this section shall include "both a qualitative and quantitative analysis of that evidence" and ensure a full, thorough, and fair review thereof. That language is quoted in the *Holden* opinion, but no reference to it is made in the analysis and determination of the second issue. The Legislature must have intended something by § 861a(13), and that is why this Court held in the *Weiss* case that the appellate commission could reverse a magistrate's findings of fact which were supported by the testimony of at least one qualified expert who had a rational basis for his or her views.

The appellate commission's opinions in the *Aaron* and *Weiss* cases are affirmed.