PALMER v ITT HANCOCK

Docket No. 115556. Submitted April 2, 1991, at Lansing. Decided May
    21, 1991, at 9:40 A.M.

  Carolyn J. Palmer was awarded workers' compensation benefits
    for the closed period of December 16, 1985, to March 18, 1986,
    for an injury which occurred on December 16, 1985, while she
    was working for ITT Hancock. A magistrate determined that
    the plaintiff's proofs regarding the extent of her partial disabil-
    ity were speculative, that the case hinged upon the plaintiff's
    credibility, and that the plaintiff failed to prove by a preponder-
    ance of the evidence that her injury extended beyond March
    18, 1986. On appeal, the Workers' Compensation Appellate
    Commission determined that the magistrate's findings regard-
    ing the plaintiff's credibility and the termination of her partial
    disability were not supported by competent, material, and
    substantial evidence on the whole record. The appellate com-
    mission therefore made its own findings of fact and modified
    the magistrate's award of closed benefits by awarding continu-
    ing benefits for the partial disability. ITT Hancock and its
    insurer, Insurance Company of North America, appealed by
    leave granted.

      The Court of Appeals *held:*

      The magistrate's conclusion concerning the speculative na-
    ture of the plaintiff's continuing disability was supported by
    competent, material, and substantial evidence on the whole
    record. The appellate commission therefore erred as a matter of
    law in making its own findings of fact. On remand, the appel-
    late commission must reinstate the magistrate's award of bene-
    fits for a closed period.

      Reversed and remanded.

WORKERS' COMPENSATION — APPELLATE COMMISSION — FINDINGS OF
    FACT — APPEAL.

  The Workers' Compensation Appellate Commission does not have

REFERENCES
Am Jur·2d, Workmen's Compensation §§ 549, 552, 616, 631, 633-
  635.
See the Index to Annotations under Workers' Compensation.

the authority to make findings of fact contrary to those of a hearing magistrate where the magistrate's findings of fact are supported by competent, material, and substantial evidence on the whole record; if the appellate commission determines that there is insubstantial evidence to support the magistrate's findings, it may make its own findings, and those findings are binding on the Court of Appeals absent fraud; however, if the appellate commission acts outside its powers by rendering findings of fact where there is substantial evidence supporting the magistrate's findings, the commission's findings are not binding on the Court of Appeals (MCL 418.861a; MSA 17.237[861a]).

*Best, Schmucker, Heyns & Klaeren, P.C.* (by *Michael J. Klaeren* and *Anne E. Campau*), for the plaintiff.

*Hanba, Lazar & Della Santina, P.C.* (by *Paul Lazar*), for the defendants.

Before: WAHLS, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Defendants appeal by leave granted from an order of the Workers' Compensation Appellate Commission, which modified a magistrate's award of closed benefits by awarding plaintiff continuing benefits for a partial disability. In this appeal we have been asked to determine (1) the proper standard for this Court to utilize in reviewing decisions of the appellate commission, and (2) whether the appellate commission erred in modifying the magistrate's closed award of benefits. In order to answer these questions it is necessary for us to analyze and understand the differing roles of the appellate commission and its predecessor, the Workers' Compensation Appeal Board, and of the magistrates and hearing referees.

Under the Workers' Disability Compensation Act, a hearing referee would hear disputes arising under the act and would issue a decision in conclu-

sory terms. MCL 418.847, 418.851; MSA 17.237(847), 17.237(851). On appeal to the appeal board, the board would review the record and order de novo, and was empowered to hear the parties and take additional evidence. MCL 418.859; MSA 17.237(859). Accordingly, the appeal board would issue its findings of fact and conclusions of law independently of those of the hearing referee. The appeal board's findings were final and the appellate court's review was limited to (1) reviewing questions of law, (2) determining whether there was any fraud associated with the board's findings, and (3) determining whether there was any competent evidence in the record to support those findings. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978); MCL 418.861; MSA 17.237(861).

This statutory scheme was substantially revised by 1985 PA 103. Magistrates are now required to issue concise written opinions stating findings of fact and conclusions of law. MCL 418.847(2); MSA 17.237(847)(2). The appellate commission was created to replace the appeal board, and its reviewing authority was drastically reduced.

MCL 418.861a; MSA 17.237(861a) provides in relevant part:

> (3) Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.
>
> (4) As used in . . . (3) "whole record" means the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination.

* * *

(8) A party filing a claim for review under section 859a shall specify to the commission those portions of the record that support that party's claim and any party opposing such claim shall specify those portions of the record that support that party's position.

* * *

(10) The commission or a panel of the commission, may adopt, in whole or in part, the order and opinion of the worker's compensation magistrate as the order and opinion of the commission.

(11) The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed.

(12) The commission or a panel of the commission may remand a matter to a worker's compensation magistrate for purposes of supplying a complete record if it is determined that the record is insufficient for purposes of review.

(13) A review of the evidence pursuant to this section shall include both a qualitative and quantitative analysis of that evidence and ensure a full, thorough, and fair review thereof.

Although a new appellate body was created by 1985 PA 103, the language governing this Court's review of the appellate commission's decisions parallels that which governed our review of the appeal board's decisions. MCL 418.861; MSA 17.237(861) sets forth this Court's authority to review decisions of the appeal board:

The findings of fact made by the board *acting within its powers,* in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under

the rules of the courts of the laws of this state. [Emphasis added.]

Appellate review of the decisions of the appellate commission is governed by MCL 418.861a(14); MSA 17.237(861a)(14), which provides:

> The findings of fact made by the commission *acting within its powers,* in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have the power to review questions of law involved with any final order of the commission, if application is made by the aggrieved party within 30 days after the order by any method permissible under the Michigan court rules. [Emphasis added.]

The similarity in language led at least one panel of this Court to conclude that our review of the appellate commission's decisions is as limited as it is for those of the appeal board. See *Aaron v Michigan Boiler & Engineering,* 185 Mich App 687; 462 NW2d 821 (1990). In *Aaron,* this Court held that appellate review of the appellate commission's decision that a magistrate's findings of fact were not supported by competent, material, and substantial evidence is limited to a determination of whether any competent evidence exists to support that finding. *Id.,* p 703. The Court rejected the conclusion reached by a prior panel in *Holden v Ford Motor Co,* 185 Mich App 305; 460 NW2d 316 (1990), that appellate review of the appellate commission's decision is necessarily enhanced by the Legislature's limitation of the commission's authority.

In *Holden,* a separate panel concluded that the "acting within its powers" language in MCL 418.861a(14); MSA 17.237(861a)(14) became critical in determining this Court's standard of review,

given the drastically different powers of the appeal board and the appellate commission. 185 Mich App 320-321. Under *Holden,* this Court must determine whether the appellate commission correctly applied its standard when it reviewed the magistrate's findings of fact.

Given that *Holden* and *Aaron* have established two conflicting standards applicable to this Court's review of the appellate commission's decisions, we are faced with determining which, if either, standard is correct under the statute. Having analyzed the statutory schemes governing the appeal board and the appellate commission and the Legislature's apparent intent in enacting MCL 418.861a; MSA 17.237(861a), we are more persuaded by the reasoning in *Holden.*

As recognized in *Holden,* the language "acting within its powers," although identical to its predecessor, is critical to ascertaining the appropriate standard of review for this Court. Under the statutory scheme governing appeals to the appeal board, the board's powers were extensive. As previously discussed, the board could freely reject the findings of a referee and could entertain additional evidence at its discretion. Though the board was to give deference to those findings, it was required to review the record anew and reach its own findings of fact and conclusions of law. Therefore, the appeal board acted "within its powers" whenever it made its own findings of fact. Accordingly, under MCL 418.861; MSA 17.237(861), these findings were conclusive on this Court in the absence of fraud. Given the broad powers of the appeal board, appellate review in this Court was limited to determining whether the board's findings were supported by "any competent evidence."

In contrast, the appellate commission's powers have been dramatically limited by the restructur-

ing of the act. By enacting 1985 PA 103 the
Legislature intended to establish a hearing and
review mechanism patterned after those in the
court system. A magistrate has been conferred
greater responsibilities and is to be the finder of
facts, much like a trial court. The de novo review
afforded the appeal board is now eliminated; in-
stead, the appellate commission is to review a
magistrate's decision to determine whether it is
supported by competent, material, and substantial
evidence on the whole record. If the appellate
commission concludes in the affirmative, it may
not make independent findings of fact. On the
other hand, if the commission determines that
there is insubstantial evidence to support the mag-
istrate's findings, the commission is empowered to
make its own findings. Under these circumstances,
the appellate commission is "acting within its
powers" by rendering its own findings of fact, and,
therefore, such findings would be conclusive on
this Court absent fraud. However, if the appellate
commission acts *outside* its powers by rendering
findings of fact in the face of substantial evidence,
its findings are not binding on this Court. Because
the powers of the appellate commission have been
limited, compared to those of the appeal board, we
must determine as a reviewing court whether the
commission acted within the scope of its authority.
Accordingly, we must determine whether the ap-
pellate commission, in making its own findings,
correctly concluded that the magistrate's findings
of fact were *not* supported by competent, material,
and substantial evidence.

We recognize that our interpretation of MCL
418.861a(14); MSA 17.237(861a)(14) expands the
scope of review which this Court must engage in
beyond that existing under MCL 418.861; MSA
17.237(861). However, unlike the *Aaron* Court, we

do not believe that this is necessarily "inconsistent" with the statutory scheme. 185 Mich App 705-708. We do agree with *Aaron's* observation that "there is no apparent intent on the part of the Legislature to increase this Court's standard of review," *id.,* p 706; however, the converse of the proposition is equally apparent. In fact, we can discern no apparent indication · that the Legislature was concerned one way or the other with the effect the limitation of the appellate commission's powers would have on the scope of our standard of review. The *Aaron* Court's opinion reveals its overriding concern with the increased work the expanded standard of review would create for this Court. However, the *Aaron* Court failed to realize that by creating a scheme that would eliminate the "second bite at the apple" in workers' compensation cases, the number of cases which would merit our review on leave granted is most likely going to decrease as well.

We hold, therefore, that as the reviewing court we must determine whether the appellate commission correctly applied its standard of review to the magistrate's findings of fact. In this case, the magistrate awarded plaintiff benefits for the closed period of December 16, 1985, to March 18, 1986, based on a partial disability to her left shoulder caused by an injury sustained during the operation of a machine referred to as "Big Bertha." The magistrate found that plaintiff presented sufficient proof to establish that an employment-related injury to her left shoulder occurred on December 16, 1985. However, the magistrate found the proofs regarding the extent of her disability caused by this injury to be speculative in light of an intervening nonwork-related automobile accident that occurred on December 30, 1985. The magistrate determined that the case hinged upon plaintiff's

credibility because of the subjective nature of her alleged condition and the contradictory medical proofs. In particular, the magistrate emphasized the absence of objective medical findings and the inconsistent histories provided by plaintiff to the series of physicians who examined her. The magistrate concluded that because the source and degree of plaintiff's symptoms, as well as her limitations, were at best speculative, plaintiff failed to prove by a preponderance of the evidence that her shoulder problems from the December 16, 1985, injury extended beyond March 18, 1986.

On appeal, the appellate commission determined that the magistrate's findings regarding plaintiff's suspect credibility and the end date of her partial disability were not supported by competent, material, and substantial evidence on the whole record. Therefore, the appellate commission found that plaintiff was and is partially disabled as a result of the work-related shoulder injury that occurred on December 16, 1985. We have reviewed the appellate commission's decision and note that it is an exhaustive review of the record from plaintiff's perspective. The opinion resolves the ambiguities and confusions in the record in plaintiff's favor. The appellate commission did not afford the magistrate's determination of witness credibility the deference to which it was entitled and erroneously implied that the testimony of a single expert witness could not constitute "substantial evidence." *Holden, supra,* pp 321-322. Having reviewed the record, we hold that the magistrate's conclusion concerning the speculative nature of plaintiff's continuing disability was supported by competent, material, and substantial evidence on the whole record. The appellate commission, therefore, erred as a matter of law in making its own findings of fact. Accordingly, we need not determine whether

the commission's findings of fact were supported by some competent evidence.

We reverse the decision of the appellate commission and remand the case for the reinstatement of the magistrate's award of benefits for a closed period.

Reversed and remanded. We do not retain jurisdiction.