KOVACH v HENRY FORD HOSPITAL

Docket Nos. 155749, 155991. Submitted May 3, 1994, at Lansing. Decided July 12, 1994; approved for publication September 20, 1994, at 9:45 A.M.

Florence Kovach sought worker's disability compensation benefits from Henry Ford Hospital, alleging a work-related back disability and a functional overlay. A magistrate found that the plaintiff suffered from back pain resulting from a work-related injury, an orthopedic disability, and a disabling psychiatric condition in the form of a somatoform pain disorder, a psychiatric disability, related to the pain that resulted from the work-related injury. The magistrate found the plaintiff to be partially disabled and granted her an open award of benefits. The defendant appealed, and the Worker's Compensation Appellate Commission reversed the award to the extent that it awarded benefits for a psychiatric disability. The plaintiff and the defendant both appealed by leave granted.

The Court of Appeals held:

1. The WCAC erred in reversing the part of the magistrate's decision that granted benefits for a psychiatric disability. The WCAC's finding that the plaintiff did not suffer from a work-related psychiatric disability was not supported by competent evidence. Testimony by the plaintiff and her physician constituted substantial evidence on which the magistrate could base a finding that the plaintiff suffered from a disabling psychiatric condition in the form of a somatoform pain disorder.

2. An award of benefits for an orthopedic disability was supported by the evidence. The WCAC's affirmation of the award for an orthopedic disability was based on competent evidence.

Affirmed in part and reversed in part.

WORKER'S COMPENSATION — APPELLATE COMMISSION — STANDARD OF REVIEW.

The Worker's Compensation Appellate Commission must perform a qualitative and quantitative review of the record in reviewing

REFERENCES
Am Jur 2d, Workers' Compensation §§ 687, 688, 691, 693.
See ALR Index under Workers' Compensation.

a magistrate's decision; its review is not de novo and it may not simply substitute its opinion for that of the magistrate; a decision of the commission to reverse a magistrate's decision should be affirmed on judicial appellate review where it appears that the commission carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not misapprehend or grossly misapply the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the decision of the magistrate (MCL 418.861a[13]; MSA 17.237[861a][13]).

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Charles P. Burbach*), for the plaintiff.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Thomas L. Fleury*), for the defendant.

Before: Hood, P.J., and Cavanagh and D. A. Teeple,* JJ.

Per Curiam. Plaintiff Florence Kovach and defendant Henry Ford Hospital appeal by leave granted a decision of the Worker's Compensation Appellate Commission modifying a decision of a magistrate. We reverse the WCAC's decision to the extent that it modified the magistrate's decision.

Plaintiff worked for defendant as a cafeteria assistant. She prepared and served food. Plaintiff's job required a great deal of standing, walking, and lifting.

On January 6, 1987, plaintiff was attempting to lift a pan of melted cheese when she felt pain in her lower back. She left work and obtained medical treatment. Plaintiff continued to receive treatment, but she did not return to work. Plaintiff's worker's compensation benefits were terminated on February 13, 1988. Plaintiff stopped receiving

* Circuit judge, sitting on the Court of Appeals by assignment.

medical treatment after her benefits were terminated.

Plaintiff's amended petition for benefits alleged a back disability and a functional overlay. At a hearing, plaintiff testified that her condition severely limited her activities. She stated that she could walk only short distances and could not do housework. Plaintiff stated that she felt "bad," and that she was trying "everything to get better."

In a decision mailed on June 14, 1989, the magistrate found that plaintiff suffered from a disabling psychiatric condition in the form of a somatoform pain disorder. The magistrate based this finding on the medical testimony. One physician had diagnosed such a disorder; the condition was suspected by several other physicians. The magistrate found that plaintiff's psychiatric condition was related to the pain that resulted from her injury at work. The evidence showed that plaintiff continued to suffer pain from that injury. The magistrate found plaintiff to be partially disabled and granted her an open award of benefits.

Defendant appealed and, in a two-to-one decision entered on August 7, 1992, the WCAC reversed the award of benefits for a psychiatric condition. The majority concluded that the finding that plaintiff suffered from a disabling psychiatric condition was not supported by the requisite evidence. The majority noted that plaintiff testified that she sustained a work-related injury resulting in lower-back pain but did not testify regarding any injury or symptoms related to a psychiatric condition, other than stating that she felt "bad" and that she was "trying" to get better. The majority concluded that the testimony of one physician and the "suspicions" of several other physicians did not support a finding that plaintiff suffered a disabling psychiatric condition. The majority stated, "Bene-

fits awarded for any psychiatric condition are hereby reversed."

Plaintiff argues in her appeal that the evidence supported the award of benefits for a psychiatric disability. She argues that the evidence established the existence of a disabling functional overlay and the relationship of that condition to a work-related injury.

Defendant argues in its appeal that the evidence, when properly analyzed, did not support an award of benefits for a psychiatric disability. Defendant alleges that plaintiff's statements regarding her abilities were inconsistent, the medical testimony regarding the existence of a somatoform pain disorder was contradictory, and several physicians were not qualified to express an opinion regarding a psychiatric condition. Defendant asserts that, because the existence of a disabling somatoform pain disorder was the only basis for the magistrate's award, the WCAC's decision should have resulted in the total dismissal of plaintiff's claim. Defendant states that assuming arguendo that the WCAC affirmed an award of benefits based on an orthopedic disability, such a decision must be reversed because the magistrate never made such a finding.

The WCAC erred in reversing the part of the magistrate's decision that granted benefits for a psychiatric disability. The WCAC's finding that plaintiff did not suffer from a work-related psychiatric disability was not supported by competent evidence. Plaintiff testified that her condition, chronic lower-back pain resulting from her work-related injury, made her feel "bad" and that she was trying "everything" to improve her condition. While plaintiff did not testify in clinical terms regarding her condition (few lay witnesses do), her testimony supported a finding that she suffered

from a functional overlay. Plaintiff's testimony, along with that of her physician, Dr. Gerald Shiener, constituted substantial evidence, as that term is defined by MCL 418.861a(3); MSA 17.237(861a)(3), on which the magistrate could base a finding that plaintiff suffered from a disabling psychiatric condition in the form of a somatoform pain disorder. While this Court must give some latitude to the WCAC, it must also determine that the WCAC did not grossly misapply the substantial evidence standard and that the WCAC gave an adequate reason, grounded in the record, for reversing the decision of the magistrate. *Holden v Ford Motor Co,* 439 Mich 257, 268, 269; 484 NW2d 227 (1992). Although the WCAC must perform a qualitative and quantitative review of the record, MCL 418.861a(13); MSA 17.237(861a)(13), its review is not de novo. In this case, the WCAC simply substituted its opinion for that of the magistrate. This is not proper review pursuant to statute and *Holden, supra.*

Defendant's argument that the WCAC's decision should have resulted in the complete dismissal of plaintiff's claim is without merit. The magistrate found that plaintiff continued to suffer lower-back pain from the work-related injury and that "[i]n addition" she suffered from a disabling psychiatric condition. The magistrate's opinion indicates that he found the existence of both an orthopedic disability and a psychiatric disability, and the WCAC interpreted the decision in this manner. Although the WCAC denied benefits for a psychiatric disability, it did not deny all benefits.

An award of benefits for an orthopedic disability was supported by the evidence. The undisputed evidence showed that plaintiff suffered chronic lower-back pain as a result of her work-related injury. The evidence showed that plaintiff's activi-

ties were limited. The WCAC's affirmation of an award for an orthopedic disability was based on competent evidence.

The WCAC's decision is reversed to the extent that it denied benefits for a psychiatric disability.

Affirmed in part and reversed in part.