YORK v WAYNE COUNTY SHERIFF'S DEPARTMENT

Docket No. 179135. Submitted June 12, 1996, at Detroit. Decided October 11, 1996, at 9:15 A.M. Leave to appeal sought.

Jerome W. York was awarded worker's compensation benefits by a worker's compensation magistrate who decided that York had sustained a psychiatric disability in the form of posttraumatic stress disorder triggered by work as a Wayne County sheriff's deputy at the scene of an airliner crash at Detroit Metropolitan Airport. The Worker's Compensation Appellate Commission reversed, concluding that the claimed disability was related to York's personal life, not his employment. York appealed.

The Court of Appeals *held*:

1. In reviewing the magistrate's findings of fact, the WCAC did not misapprehend or grossly misapply the substantial evidence test. The WCAC was duly cognizant of the deference ordinarily to be accorded a magistrate's decision. The WCAC did not simply substitute its judgment for that of the magistrate as if it were engaging in review de novo. The WCAC articulated adequate reasons grounded in the record in concluding that the magistrate's finding of work-relatedness was not supported by the evidence. There was ample competent evidence in the record in support of the decision of the WCAC.

2. The WCAC's analysis complied with the requirement of *Gardner v Van Buren Public Schools*, 445 Mich 23 (1994), that an objective assessment of the relative significance of occupational and nonoccupational factors affecting a claimed mental disability must be made and no consideration must be given to a claimant's unfounded perception of disability when determining whether the events of employment contributed to, aggravated, or accelerated the claimant's mental disability in a significant manner.

Affirmed.

1. WORKER'S COMPENSATION — MAGISTRATES — APPELLATE COMMISSION — FINDINGS OF FACT — STANDARD OF REVIEW.

Findings of fact by a worker's compensation magistrate, on review by the Worker's Compensation Appellate Commission, are conclusive if supported by competent, material, and substantial evidence on the whole record; findings of fact by the commission, on judicial

review, are conclusive in the absence of fraud if there is any evidence to support them (Const 1963, art 6, § 28; MCL 418.861a; MSA 17.237[861a]).

2. WORKER'S COMPENSATION — MAGISTRATES — APPELLATE COMMISSION — FINDINGS OF FACT — STANDARD OF REVIEW.

A court in deciding whether the Worker's Compensation Appellate Commission has reviewed a worker's compensation magistrate's findings of fact in a manner consistent with the concept of administrative appellate review that is less than review de novo examines the reasoning and analysis of the decisions of the magistrate and the commission, the evidence considered or ignored in those decisions, the care taken, and the nature of the issues involved, particularly when there are issues of credibility to be determined by the magistrate; unless it is manifest that the commission exceeded its reviewing power, the court should ordinarily defer to the judgment of the commission (Const 1963, art 6, § 28; MCL 418.861a[14]; MSA 17.237[861a][14]).

3. WORKER'S COMPENSATION — MENTAL DISABILITIES — CLAIMANTS' PERCEPTIONS.

A mental disability is compensable under the Worker's Disability Compensation Act if it is contributed to or aggravated or accelerated by the employment in a significant manner; the disability must arise out of actual events of employment, not unfounded perceptions thereof; reliance may not be placed on a claimant's subjective, honest, but mistaken perception of mental disability (MCL 418.301[2]; MSA 17.237[301][2]).

*Jamil Akhtar,* for the plaintiff.

*Jennifer M. Granholm,* Corporation Counsel, and *Mary S. Rowan,* Assistant Corporation Counsel, for the defendant.

Before: MICHAEL J. KELLY, P.J., and MARKMAN and J. L. MARTLEW,* JJ.

MARKMAN, J. Plaintiff appeals by leave granted from a decision of the Worker's Compensation Appellate Commission reversing an award of worker's compen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sation benefits for an alleged psychiatric disability. We affirm.

Plaintiff worked as a Wayne County Sheriff's Deputy for approximately fifteen years beginning in 1975. He traces his psychiatric problems to his duty-related service at the scene of the Northwest Airlines Flight 255 crash at Detroit Metropolitan Airport on August 16, 1987. He spent three working days at the crash site, including one extended shift in excess of twelve hours on the day of the crash, recovering bodies and body parts, removing bodies to a temporary morgue, and securing the entrance to the morgue. His last day of work was nearly 3½ years later, on February 17, 1991, when he was hospitalized for chest pains and other symptoms of heart distress after making a particularly stressful arrest of an armed robbery suspect and then making a brief trip to the airport to drop off a package.

While plaintiff originally sought benefits for a cardiovascular disability, as well as a psychiatric disability, the worker's compensation magistrate who heard the case awarded benefits for psychiatric disability only. Relying upon plaintiff's own testimony and that of his medical expert, Dr. J. Barry Rubin, the magistrate found plaintiff disabled because of posttraumatic stress disorder triggered by his airplane crash duties in 1987, although the magistrate also found a February 17, 1991, last day of work injury date.

On appeal, the WCAC reversed the magistrate's award of benefits, finding that there was not competent, material, and substantial evidence on the whole record to support the magistrate's finding that plaintiff's current disability was attributable to either plaintiff's crash duties in 1987 or the events of his last day

at work in February of 1991. To the contrary, the WCAC found that plaintiff's claim of work-related psychiatric disability was nothing more than a "long-after-the-fact rationalization" by a disabled claimant indicting work experiences for an illness that is actually unrelated to the claimant's employment. The WCAC noted that plaintiff had attended only one session with the psychologist defendant provided for its employees who worked at the crash site, that plaintiff's worsening symptoms, absenteeism, and medical treatment for his condition did not occur until several years later, and that plaintiff did not attribute his problems to the stress or strain of the airplane crash at that time, but instead cited nonoccupational problems in his personal life. The WCAC also focused upon the evidence of various other stresses in plaintiff's life, both before and after his airplane crash assignment, including a number of job misconduct or discipline incidents, a divorce in the mid 1980s and its aftermath, the long illness and eventual death of plaintiff's mother in 1991, and plaintiff's concern for his son who was serving in the Persian Gulf War, as well as a number of physical ailments. The WCAC concluded that Dr. Rubin's diagnosis of work-related posttraumatic stress disorder was not in line with the diagnoses of the other treating and examining physicians or the facts as established by the evidence and that the testimony of defendant's medical expert, Dr. Raymond G. Mercier, finding plaintiff's problems unrelated to work, comported better with the facts in evidence. While the WCAC did not reject the magistrate's conclusion that plaintiff's own testimony was credible, the WCAC noted that a claimant's honest perceptions are not necessarily reliable, nor are they

especially relevant, given the Michigan Supreme Court's decision in *Gardner v Van Buren Public Schools*, 445 Mich 23; 517 NW2d 1 (1994), recognizing that the purely subjective standard of *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1; 268 NW2d 1 (1978), has been replaced by the statutory standard embodied in § 301(2) of the Worker's Disability Compensation Act, MCL 418.301(2); MSA 17.237(301)(2).[1]

Plaintiff argues that we should find that the WCAC erred as a matter of law by acting outside its statutory review power when it reversed the decision of the magistrate because the magistrate's findings are in fact supported by the requisite competent, material, and substantial evidence on the whole record, rendering those findings conclusive upon the WCAC pursuant to MCL 418.861a; MSA 17.237(861a).[2] We find

---

[1] Section 301(2) provides:

Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Mental disabilities shall be compensable when arising out of actual events of employment, not unfounded perceptions thereof.

Identical language is also set forth in chapter four of the act at § 401(2)(b), MCL 418.401(2)(b); MSA 17.237(401)(2)(b).

[2] The statute provides, in pertinent parts:

(3) Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and substantial evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion.

(4) As used in subsections (2) and (3) "whole record" means the entire record of the hearing including all of the evidence in favor and all the evidence against a certain determination.

that plaintiff's argument in this regard is simply beyond the scope of this Court's review. While this Court is authorized to review the *standard of review* applied by the WCAC, in order to determine whether the WCAC acted in a manner consistent with the concept of administrative appellate review that is less than review de novo, our review does not include an independent review of the magistrate's decision or a substantial evidence review of the facts. *Holden v Ford Motor Co*, 439 Mich 257, 267-268, 279, n 38, 287, n 46; 484 NW2d 227 (1992). Accordingly, whether there is competent, material, and substantial evidence on the whole record to support the magistrate's findings of fact is a question to be decided in the first instance by the WCAC, not reviewing courts.

The limited scope of judicial review in worker's compensation cases is established in Const 1963, art 6, § 28, which provides:

> Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law.

Similarly, MCL 418.861a(14); MSA 17.237(861a)(14), which provides for appellate review of decisions of the WCAC in this Court and the Michigan Supreme Court, states in part:

> The findings of fact made by the commission acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have the power to review questions of law involved with any final order of the commission.

This statutory language is nearly identical to language used in the previously enacted statute gov-

erning judicial review of decisions by the WCAC's predecessor, the now-defunct Worker's Compensation Appeal Board. MCL 418.861; MSA 17.237(861). That statutory language was construed as limiting the scope of judicial review to reviewing questions of law, determining whether there is any fraud associated with the appeal board's findings of fact, and deciding whether there is "any competent evidence" in the record to support those findings of fact. *Aquilina* v *General Motors Corp*, 403 Mich 206, 213; 267 NW2d 923 (1978).

Before the Michigan Supreme Court's decision in *Holden, supra,* there was a split of authority among the decisions of this Court regarding whether the WCAC's findings of fact are conclusive on judicial review if supported by any competent record evidence or whether reviewing courts must determine on appeal the correctness by any findings of the WCAC that the magistrate's findings of fact are not supported by competent, material, and substantial evidence.

Some panels of this Court reasoned that the "any competent evidence" standard of judicial review, applicable to the factual findings of the former Worker's Compensation Appeal Board, should not be applied when reviewing the findings of the WCAC regarding whether the magistrate's findings are supported by the requisite competent, material, and substantial evidence on the whole record. Their opinions were grounded on the fact that the former WCAB was authorized to review the record de novo and therefore never exceeded the scope of its authority when it declined to follow the findings of fact made by the hearing official (provided its own findings were sup-

ported by at least some competent evidence). On the other hand, the WCAC does not exercise review de novo and therefore may indeed exceed its lawful authority by overturning the findings of fact made by the magistrate, even though there may be at least some competent record evidence in support of overturning those findings, if there actually exists competent, material, and substantial evidence on the whole record for the magistrate's findings of fact. Essentially, such panels held that the WCAC commits legal error when it reverses findings of fact made by the magistrate in the face of competent, material, and substantial evidence on the whole record in support of those findings and that reviewing courts therefore must determine whether the magistrate's findings are in fact supported by competent, material, and substantial evidence in order to determine whether the WCAC correctly applied the competent, material, and substantial evidence on the whole record test. See, e.g., *Palmer v ITT Hancock*, 189 Mich App 509, 515; 474 NW2d 136 (1991); *Holden v Ford Motor Co*, 185 Mich App 305, 321; 460 NW2d 316 (1990), rev'd 439 Mich 257; 484 NW2d 227 (1992).

In contrast, other panels of this Court reasoned that any expansion in the scope of this Court's factual review in worker's compensation cases beyond the "any competent evidence" standard would be inconsistent with the Legislature's apparent intent to curtail protracted litigation in worker's compensation cases. See, e.g., *Weiss v Jewish Home for the Aged*, 185 Mich App 687, 705-708; 462 NW2d 821 (1990), aff'd 439 Mich 257; 484 NW2d 227 (1992). It was also observed that the limited "any competent evidence" standard of judicial review had proved sufficient in

the past for purposes of determining whether the WCAB acted within its powers in making its findings under the "preponderance of the evidence" standard. 185 Mich App 705. Essentially, such cases held that a finding by the WCAC that the magistrate's findings of fact are not supported by competent, material, and substantial evidence on the whole record must be affirmed on judicial review if there is any competent evidence in the record in support of the WCAC's finding. *Id.*, p 708.

The Michigan Supreme Court eventually rejected the reasoning of this Court's decisions in *Palmer* and *Holden, supra,* by holding that judicial review of a WCAC decision is to be of the findings of fact made by the WCAC and not the findings of fact made by the magistrate and that the findings of fact made by the WCAC are conclusive if there is any competent evidence in the record to support those findings. 439 Mich 263. In particular, the Supreme Court specifically rejected the proposition that the WCAC's application of the substantial evidence test is a question of law subject to review de novo on appeal, allowing reviewing courts to again review the administrative agency's findings for substantial evidence, because that would make the scope of judicial review identical to that of the WCAC itself, contrary to the clear intent of the Legislature. *Id.*, p 278, n 38.

However, the Court also stopped somewhat short of fully adopting this Court's conclusion in *Weiss, supra,* that the WCAC's application of the substantial evidence test must always be affirmed on appeal if there is any competent evidence in the record to support the WCAC's findings. Rather, the Court indicated that when the WCAC's application of the substantial

evidence test is challenged on appeal, reviewing courts should examine the reasoning and analysis of the decisions of the magistrate and the WCAC, the evidence considered or ignored in those decisions, the care taken, and the nature of the issues involved (particularly when there are issues of credibility to be determined by the magistrate), in order to determine whether the WCAC acted in a manner consistent with the concept of administrative appellate review that is less than review de novo. Unless it is "manifest that the WCAC exceeded its reviewing power," reviewing courts should ordinarily defer to the judgment of the WCAC. 439 Mich 267-269. The Supreme Court indicated the limited scope of this kind of review for manifest error in the WCAC's application of its standard of review as follows:

> If it appears on judicial appellate review that the WCAC carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not "misapprehend or grossly misapply" the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the magistrate, the judicial tendency should be to deny leave to appeal or, if it is granted, to affirm, in recognition that the Legislature provided for administrative appellate review by the seven-member WCAC of decisions of thirty magistrates, and bestowed on the WCAC final fact-finding responsibility subject to constitutionally limited judicial review. [*Id.*, p 269.]

Plaintiff would have this Court engage in a much more expansive review of the WCAC's application of the substantial evidence standard, not limited to a determination of error manifest in the WCAC's decision itself, but based solely upon a determination, directly contrary to the findings of the WCAC, that the magistrate's findings were in fact supported by the requisite

competent, material, and substantial evidence on the whole record. Indeed, plaintiff does not even bother to address the specific analysis of the WCAC's decision. He simply urges this Court to conclude that the WCAC improperly engaged in review de novo on the basis of this Court's own, independent assessment that the magistrate's findings of fact were properly supported by substantial evidence on the whole record.[3] However, in order for this Court to conclude that the WCAC exceeded its reviewing powers because the magistrate's findings were supported by the requisite substantial evidence on the whole record, this Court would have to engage in the very same kind of review de novo of the magistrate's findings for substantial evidence that the Supreme Court specifically rejected as inappropriate in *Holden, supra.*

We believe plaintiff's reliance upon cases such as *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44; 539 NW2d 382 (1995), and *Kovach v Henry Ford Hosp*, 207 Mich App 107; 523 NW2d 800 (1994), is misplaced in this regard. While both of those cases contain statements by this Court recognizing that there was substantial evidence in support of the findings of the magistrate overturned by the WCAC, see *Illes*, pp 54, 56; *Kovach*, pp 110-111, a reading of those

---

[3] As if it were a mere afterthought, plaintiff does briefly argue, in the "conclusion" portion of his principal appeal brief and in limited portions of his supplemental briefs, that certain conclusions of the WCAC lack adequate record support, particularly the WCAC's conclusion that plaintiff's mental illness is attributable to reasons having little or nothing to do with his work. However, plaintiff does not actually argue that the factual basis upon which the WCAC purported to draw those conclusions is itself unsupported by any competent evidence in the record. Indeed, many of these same facts are recited in the opinion of the magistrate. Accordingly, we find no merit to plaintiff's conclusory assertions that the WCAC's reasoning is not grounded in the record.

decisions reveals that such statements were preceded in each instance by a determination that the WCAC's stated reasons for reversing the magistrate's findings were not themselves supported by any competent evidence in the record, see *Illes*, pp 51, 55; *Kovach*, p 110. *Illes* and *Kovach* recognize that it is improper for the WCAC to engage in review de novo from the outset and simply substitute its judgment for that of the magistrate.[4] They also recognize, however, that this Court determines whether the WCAC has exceeded the proper scope of its review by applying the limited and deferential standard established in *Holden, supra,* pp 267-269.[5]

Under that standard, we find nothing in the reasoning and analysis of the WCAC to indicate that the WCAC misapprehended or grossly misapplied the substantial evidence standard in this case, or that the WCAC was not duly cognizant of the deference ordinarily to be accorded to the magistrate's decision. Contrary to plaintiff's argument, the WCAC did not *simply* substi-

---

[4] It is important to note that *Illes* and *Kovach* do not hold that it is always impermissible for the WCAC to substitute its opinion for that of the magistrate, but only that the WCAC may not *simply* substitute its own judgment, without first finding adequate reasons, grounded in the record, for rejecting the judgment of the magistrate. If the WCAC were absolutely prohibited from substituting its judgment for that of the magistrate, *even when the* WCAC *has found adequate reasons for doing so,* the WCAC would never be able to overturn the magistrate's findings on the basis of disagreement with the magistrate's evidentiary analysis. Yet, *Holden, supra,* clearly allows the WCAC to reverse the magistrate's findings on the basis of such disagreements. See 439 Mich 277-278, 285-287.

[5] Of course, once this Court properly determines that the WCAC has engaged in inappropriate review of the magistrate's findings, according to the limited judicial review allowed by *Holden,* this Court may *then* independently assess whether substantial evidence exists for the magistrate's findings, not for the purpose of determining the WCAC's adherence to the limits upon its reviewing function, but for the purpose of determining whether to remand the case to the WCAC for further review or to simply reinstate the findings of the magistrate.

tute its judgment for that of the magistrate as if it were engaging in review de novo. In fact, the WCAC began by acknowledging the findings and analysis of the magistrate, and it even deferred to a number of the magistrate's findings, including the magistrate's determination of plaintiff's credibility. Although the WCAC ultimately concluded that the magistrate's finding of work-relatedness was not supported by the requisite evidence, the WCAC articulated adequate reasons, grounded in the record, for its determination that the evidence relied upon by the magistrate provided insufficient support for that finding. Moreover, we find ample competent evidence in the record to support the record-based reasons cited by the WCAC, according to the *Holden* Court's "any competent evidence" standard of review.

Additionally, plaintiff argues that the WCAC's determination that he does not suffer from an underlying compensable work-related mental disability is somehow contrary to the Michigan Supreme Court's decision in *Gardner v Van Buren Public Schools, supra.* However, instead of identifying anything specific in the WCAC's analysis of the issue of work-relatedness that is inconsistent with the standards set forth in *Gardner, supra,* plaintiff again simply argues that the magistrate's decision comported with *Gardner* and was supported by the requisite competent, material, and substantial evidence on the whole record. Again, plaintiff's argument exceeds the scope of this Court's review, which is of the decision of the WCAC, not the decision of the magistrate. *Holden, supra,* p 263. Contrary to plaintiff's assertion that the WCAC's decision in this case is somehow a rejection of the rule of law established in *Gardner,* we find the WCAC's findings

and analysis entirely consistent with the Supreme Court's decision in *Gardner, supra,* including those portions of the *Gardner* decision that require an objective assessment of the relative significance of both occupational and nonoccupational factors affecting disability and specifically prohibit reliance upon the claimant's own subjective, honest, but mistaken perceptions for purposes of determining whether the events of employment contributed to, aggravated, or accelerated the claimant's mental disability in a significant manner. See *Gardner, supra,* pp 46-47.

Affirmed.