YORK v WAYNE COUNTY SHERIFF'S DEPARTMENT (ON REMAND)

Docket No. 208484. Submitted December 29, 1997, at Lansing. Decided January 23, 1998, at 9:15 A.M. Leave to appeal sought.

Jerome W. York was awarded worker's compensation benefits by a worker's compensation magistrate who decided that York had sustained a psychiatric disability in the form of posttraumatic stress disorder triggered by work as a Wayne County Sheriff's deputy at the scene of an airliner crash at Detroit Metropolitan Airport. The Worker's Compensation Appellate Commission reversed, concluding that the claimed disability was related to York's personal life, not his employment. The Court of Appeals, M. J. KELLY, P.J., and MARKMAN and J. L. MARTLEW, JJ., affirmed. 219 Mich App 370 (1996). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Goff v Bil-Mar Foods, Inc (After Remand)* and *Dudley v Morrison Industrial Equipment Co*, 454 Mich 507 (1997). 456 Mich 891 (1997).

On remand, the Court of Appeals *held*:

The Supreme Court, in *Goff/Dudley*, reaffirmed the standard of judicial review employed by the Court of Appeals in its prior decision in this case. Under that standard, if, as in this case, it appears that the WCAC carefully examined the record, was duly cognizant of the deference to be given the decision of the magistrate, did not misapprehend or grossly misapply the substantial evidence standard, and gave adequate reason grounded in the record for reversing the decision of the magistrate, the Court of Appeals should affirm the decision of the WCAC.

Affirmed.

WORKER'S COMPENSATION — MAGISTRATES — APPELLATE COMMISSION — COURT OF APPEALS.

The Court of Appeals will affirm a decision by the Worker's Compensation Appellate Commission to reverse a decision by a worker's compensation magistrate if it appears that the commission carefully examined the record, was duly cognizant of the deference to be given the decision of the magistrate, did not misapprehend or grossly misapply the substantial evidence standard, and gave ade-

quate reason grounded in the record for reversing the decision of the magistrate.

*Jamil Akhtar (Daryl Royal,* of Counsel), for the plaintiff.

*Jennifer M. Granholm,* Corporation Counsel, and *Mary S. Rowan,* Assistant Corporation Counsel, for the defendant.

ON REMAND

Before: M. J. KELLY, P.J., and MARKMAN and HOEK-STRA, JJ.

MARKMAN, J. In a previous decision, *York v Wayne Co Sheriff's Dep't,* 219 Mich App 370; 556 NW2d 882 (1996), this Court affirmed the decision of the Worker's Compensation Appellate Commission reversing a magistrate's award of benefits for an alleged psychiatric disability. In lieu of granting plaintiff's application for leave to appeal, the Supreme Court has remanded this case to this Court for reconsideration in light of *Goff v Bil-Mar Foods, Inc (After Remand)* and *Dudley v Morrison Industrial Equipment Co,* 454 Mich 507; 563 NW2d 214 (1997). 456 Mich 891 (1997).[1] We again affirm.

The relevant facts and proceedings in this case are set forth in our previous decision and therefore do not need to be reiterated here. *York, supra* at 372-374. Plaintiff's principal argument on appeal is that, by reversing the magistrate's finding of a work-related psychiatric disability, the WCAC exceeded its authority because, contrary to the opinion of the WCAC, the mag-

---

[1] Pursuant to Court policy, Judge HOEKSTRA has been substituted for visiting Judge J. L. MARTLEW.

istrate's findings were in fact supported by competent, material, and substantial evidence on the whole record.[2]

In our previous decision, we held that plaintiff's argument called on this Court to exceed the limited scope of its review, as described in *Holden v Ford Motor Co*, 439 Mich 257; 484 NW2d 227 (1992), to the extent that plaintiff sought an independent assessment of whether the magistrate's findings were supported by competent, material, and substantial evidence on the whole record. In this regard, we quoted the following passage from *Holden*, indicating that this Court's review of the WCAC's application of the substantial evidence test should be limited to determining whether the WCAC exceeded its own scope of appellate review:

> If it appears on judicial appellate review that the WCAC carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not "misapprehend or grossly misapply" the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the magistrate, the judicial tendency should be to deny leave to appeal or, if it is granted, to affirm, in recognition that the Legislature provided for administrative appellate review by the seven-member WCAC of decisions of thirty magistrates, and bestowed on the WCAC final fact-finding responsibility subject to constitutionally limited judicial review. [*Holden, supra* at 269.]

---

[2] Plaintiff also argues that the WCAC's decision is inconsistent with the law governing mental disability claims. However, because the Supreme Court's decision in *Goff/Dudley* does not involve any claims of mental disability, we do not believe the Supreme Court intended us to reconsider that issue. In any event, we reaffirm and incorporate by reference our previous opinion holding that the WCAC's decision is consistent with the law of mental disability.

In a different context, this Court has observed that this type of limited review—to determine whether the substantial evidence test has been misapprehended or grossly misapplied by the administrative body—is essentially indistinguishable from the "clearly erroneous" standard of review. *Boyd v Civil Service Comm*, 220 Mich App 226, 234-235; 559 NW2d 342 (1996).

In *Goff/Dudley*, the Supreme Court reaffirmed the same standard of judicial review described in *Holden* that we relied upon in our previous decision in this case. *Goff/Dudley*, *supra* at 516-517. Indeed, the Supreme Court cited our previous decision in this case as an example of the correct analysis and application of the *Holden* guidelines. *Id. at* 528, n 16. See also *id.* at 543-545 (opinion by WEAVER, J.). Importantly, the Supreme Court indicated that the role of reviewing courts is limited to evaluating whether the WCAC exceeded its authority; if it is not clear that the WCAC acted beyond such authority, its findings are conclusive on appeal if supported by any competent evidence. *Id.* at 528, 538.[3]

---

[3] We recognize that there is language in the *Goff/Dudley* majority opinion that can be interpreted as an independent judicial determination whether the magistrate's findings are supported by the requisite competent, material, and substantial evidence on the whole record. See *Goff/Dudley*, *supra* at 527-528, 535-536. However, we do not believe that the Supreme Court intended to expand the limited standard of judicial review articulated in *Holden* to allow reviewing courts to independently apply the substantial evidence test on appeal. As noted in our previous opinion in this case, the *Holden* Court specifically rejected the proposition that reviewing courts may engage in an independent review of the evidence for substantial evidence under the guise of judicial review de novo of questions of law. *Holden*, *supra* at 279, n 38. In *Goff/Dudley*, the Court purported to adopt the guidelines articulated in *Holden* and stated that the analysis and application of those guidelines in our previous opinion was correct.

Reconsidering this case in light of *Goff/Dudley*, we again conclude that the WCAC did not exceed its authority by reversing the decision of the magistrate. Unlike in *Goff/Dudley*, here the WCAC did not ignore important evidence or factors considered by the magistrate, nor did the WCAC merely give "lip service" to its obligation to be cognizant of the deference due the magistrate. *Id.* at 535-536. As noted in our previous decision, the WCAC did not simply substitute its judgment for that of the magistrate. Rather, it carefully and thoroughly reviewed the evidence and the magistrate's findings and analysis, with due deference to the magistrate's interpretation of the evidence. Further, it articulated adequate reasons grounded in the record for concluding that the magistrate's finding of work-relatedness was not supported by competent, material, and substantial evidence on the whole record.

The magistrate determined that plaintiff suffers posttraumatic stress disorder attributable to his work duties at the scene of an airline crash on August 16, 1987. That finding was based in part on the magistrate's determination that plaintiff himself was a credible witness. The WCAC did not disturb the magistrate's credibility determination. Rather, the WCAC concluded only that plaintiff's perceptions were not reliable, even though plaintiff may honestly have believed them. See *Gardner v Van Buren Public Schools*, 445 Mich 23, 46-47; 517 NW2d 1 (1994). The magistrate also relied upon the expert opinion testimony of Dr. J. Barry Rubin, apparently favoring his testimony over that of Dr. Raymond G. Mercier with regard to the question whether posttraumatic stress disorder may be caused by merely witnessing the aftermath of a

violent injury to another. The WCAC found that Dr. Rubin's diagnosis was not only inconsistent with the testimony of other experts but also with the facts established in this case. For example, the WCAC noted plaintiff's symptoms—including absenteeism and treatment for his mental problems—did not occur until several years after the crash and that plaintiff did not attribute his problems to the crash at that time.

Because we find no clear indication that the WCAC misunderstood or grossly misapplied the substantial evidence test or that it otherwise exceeded its authority, we defer to its findings, which are supported by competent record evidence. That the judges on this panel of this Court may have come to a different conclusion than the WCAC if we were evaluating this matter de novo, or that we may find the conclusion of the magistrate to be better supported than the conclusion of the WCAC, is not relevant. Given the limited scope of this Court's review, as defined in *Goff/Dudley* and *Holden*, we may not substitute our own judgment for that of the WCAC with regard to the question whether there is competent, material, and substantial evidence on the whole record supporting the findings of the magistrate.

We hereby reaffirm and incorporate by reference our previous decision in this case and again affirm the decision of the WCAC.