DARLING v INTER CITY TRUCKING (ON REMAND)

Docket No. 189442. Submitted November 13, 1996, at Grand Rapids.
Decided February 11, 1997, at 9:10 A.M.

Dale Darling worked for Inter City Trucking for seventeen to twenty
years. Inter City and Darling's prior employers paid into Darling's
pension fund established through his union. While Darling was
receiving both pension benefits and worker's compensation bene-
fits, Inter City and its insurer, Allstate Insurance Company, began
coordinating Darling's pension benefits and worker's compensation
benefits. Darling filed a petition with the Bureau of Worker's Disa-
bility Compensation, and the magistrate determined that the coor-
dination of benefits was proper, but that only a pro-rata portion of
the pension benefits could be coordinated, based upon Inter City's
contributions to the pension fund compared to the total amount
contributed by all Darling's employers. The Worker's Compensation
Appellate Commission agreed that coordination of the benefits was
proper but found that full coordination of the benefits was
required. Darling's application for leave to appeal was denied in an
unpublished order of the Court of Appeals, entered January 9, 1995
(Docket No. 178752). The Supreme Court, in lieu of granting leave
to appeal, remanded the case to the Court of Appeals for consider-
ation as on leave granted, limited to the issue whether the
employer was entitled to coordinate full pension benefits. 450 Mich
875 (1995).

On remand, the Court of Appeals *held*:

The statute regarding the coordination of worker's compensation
benefits and pension benefits, MCL 418.354; MSA 17.237(354),
applies to this case. Subsection 1(d) of the statute requires full
coordination of the pension benefits.

Affirmed.

WORKER'S COMPENSATION — PENSION BENEFITS — COORDINATION OF BENEFITS.

The statute requiring the coordination of worker's compensation ben-
efits with pension or retirement benefits provides for the full, not
pro-rata, coordination of the employee's pension benefits with the
worker's compensation benefits received by the employee (MCL
418.354[1][d]; MSA 17.237[354][1][d]).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for the plaintiff.

*Parsons & Bouwkamp, P.C.* (by *Roy R. Winn*), for the defendants.

ON REMAND

Before: WAHLS, P.J., and YOUNG and J. H. Fisher*, JJ.

PER CURIAM. Plaintiff appeals a decision of the Worker's Compensation Appellate Commission (WCAC) that ordered that the after-tax amount of pension payments paid to plaintiff be fully coordinated with his worker's compensation benefits. Initially, this Court denied plaintiff's application for leave to appeal. *Darling v Inter City Trucking*, unpublished order of the Court of Appeals, entered January 9, 1995 (Docket No. 178752). However, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court "for consideration as on leave granted, limited to the issue whether the employer was entitled to coordinate full pension benefits." *Darling v Inter City Trucking*, 450 Mich 875 (1995). We affirm.

Before working for defendant Inter City Trucking, plaintiff worked as a truckdriver for one or more other employers. Plaintiff worked for Inter City Trucking as a truckdriver for seventeen to twenty years. In addition to Inter City Trucking, plaintiff's prior employers also paid into plaintiff's pension fund with the Central States Pension Fund, a Teamsters pension fund. Plaintiff now receives a weekly pension benefit of $90.90 from this fund.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Because plaintiff injured his back during the course of his career, he received weekly payments of $360.59 in worker's compensation benefits from October 1986 to November 1988. In November 1988, defendants began "coordinating" plaintiff's pension benefits with plaintiff's worker's compensation benefits. This reduced plaintiff's weekly worker's compensation benefit rate to $269.69.

Plaintiff filed a petition with the Bureau of Worker's Disability Compensation challenging the amount of benefits he received. The magistrate concluded that, because plaintiff's pension was "maintained" by Inter City Trucking, the pension benefits could be coordinated. However, the magistrate also decided that only a pro-rata portion of the pension benefits could be coordinated, based upon the extent that Inter City Trucking paid into the pension fund in comparison with all payments made on plaintiff's behalf by all employers.

Plaintiff appealed the magistrate's decision to the WCAC, and defendants cross appealed. The WCAC agreed that plaintiff's pension payments could be coordinated. However, the WCAC held that the magistrate erred in prorating the coordination of pension payments. Instead, the WCAC found that the plain language of MCL 418.354(1)(d); MSA 17.237(354)(1)(d) required full coordination.

Plaintiff argues that the WCAC erred in fully coordinating plaintiff's pension benefits. We disagree. This Court's review of worker's compensation cases is limited to questions of law. *Matney v Southfield Bowl*, 218 Mich App 475, 484; 554 NW2d 356 (1996). Findings of fact made or adopted by the WCAC are conclusive on appeal, absent fraud, if there is any competent

evidence in the record to support them, but a decision of the WCAC is subject to reversal if the WCAC operated within the wrong legal framework or its decision was based on erroneous legal reasoning. *Id.*

Coordination of worker's compensation benefits with pension or retirement payments is governed by MCL 418.354; MSA 17.237(354), which provides in relevant part:

> (1) . . . Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits . . . shall be reduced by these amounts:
>
> *     *     *
>
> (d) The after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received, if the employee did not contribute directly to the pension or retirement plan or program.

This section was added in 1981 to address the perceived problem of a retired worker receiving, "redundantly," both worker's compensation payments and other payments also funded by the employer. *Corbett v Plymouth Twp*, 453 Mich 522, 531; 556 NW2d 478 (1996). The requirements of § 354(1)(d) have been found to apply in this case. See *Dezwaan v Holland Motor Express*, 189 Mich App 575, 578-579; 473 NW2d 788 (1991). The only question here is whether the statute provides for full or pro-rata coordination.

The cardinal rule of statutory construction is to discern and give effect to the intent of the Legislature. *Drouillard v Stroh Brewery Co*, 449 Mich 293, 302; 536 NW2d 530 (1995). In interpreting a statute, effect must be given, if possible, to every word, sentence,

and section. *Id.*, p 303. To that end, the entire act must be read to be an harmonious and consistent enactment as a whole. *Id.*

Here, the statute is clear and unambiguous. The statute states that the employer's obligation "shall be reduced" by the "after-tax amount of the pension . . . payments received" by the employee from a pension plan "maintained by the same employer" who pays the worker's compensation benefits. MCL 418.354(1)(d); MSA 17.237(354)(1)(d). In contrast to subsections c, e, and f of § 354(1), subsection d does not mention offsetting a "proportional amount" of benefits received. See MCL 418.354(1); MSA 17.237(354)(1). If the language of a statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545 NW2d 642 (1996). In any case, full coordination is consistent with the legislative purpose of preventing a retired worker from receiving "redundant" payments. *Corbett, supra*, p 531. Accordingly, the WCAC did not err in holding that the plain language of MCL 418.354(1)(d); MSA 17.237(354)(1)(d) requires full coordination of plaintiff's pension payments.

Affirmed.