JONES-JENNINGS v HUTZEL HOSPITAL (ON REMAND)

Docket No.187750. Submitted October 2, 1996, at Detroit. Decided April 18, 1997, at 9:30 A.M. Leave to appeal sought.

Annie Jones-Jennings injured her elbow in the course of her employment with Hutzel Hospital, for which she received medical treatment and worker's disability compensation benefits. When the plaintiff returned to work, she reinjured the elbow, was sent home from work, and again was voluntarily paid worker's disability compensation benefits. Four months after reinjuring the elbow, the plaintiff moved to Ohio and married an Ohio resident. Three months after her relocation to Ohio, the defendant sent the plaintiff a written offer of one-handed work. When the plaintiff failed to respond to the letter offering the favored work, the defendant ceased making payments of worker's disability compensation benefits. The plaintiff thereafter petitioned for work-loss benefits. A worker's compensation magistrate, following a hearing, found that the plaintiff would have been able to perform the favored work that had been offered by the defendant, but found that the offered job was not reasonable employment within the meaning of §§ 301(5)(a) and 301(9) of the Worker's Disability Compensation Act, MCL 418.301(5)(a),(9); MSA 17.237(301)(5)(a),(9), because it was not within a reasonable distance of her residence in Ohio and, accordingly, held that the plaintiff was not disqualified from worker's disability compensation benefits by reason of her refusal to accept the offer of favored work. The defendant appealed, and the Worker's Compensation Appellate Commission reversed the magistrate's decision, holding that the reasonable distance provision of § 301(9) was satisfied if the offered employment was within a reasonable distance either from the plaintiff's residence at the time of the injury or from the plaintiff's residence at the time of the offer and further holding that the offered employment was within a reasonable distance of the plaintiff's residence at the time of the injury and that the plaintiff's refusal of the favored work was without good and reasonable cause, thus disqualifying her from benefits. The plaintiff sought leave to appeal to the Court of Appeals, which was denied. The Supreme Court remanded the matter to the Court of Appeals for consideration as on leave granted, 449 Mich 893 (1995).

The Court of Appeals *held*:

1. The Court of Appeals has limited review of decisions in worker's compensation cases. The Court is concerned only with whether the Worker's Compensation Appellate Commission applied the correct legal test and whether there is any competent evidence to support its factual findings.

2. The correct test in cases involving reasonable employment under § 301(5)(a) is whether a bona fide offer of reasonable employment was made by the employer and whether the employee refused such employment without good and reasonable cause. The questions whether an offer of reasonable employment was made and whether such offer was refused without good and reasonable cause are questions of fact.

3. Although the appellate commission's opinion indicates that it was generally aware of the correct legal test and its finding that the plaintiff refused the defendant's offer of favored work without good and reasonable cause appears to be supported by some competent evidence, the appellate commission committed an error of law when it held as a matter of law that an offer of employment that is within a reasonable distance of a claimant's resident at the time of injury is always a reasonable distance from the claimant's resident for the purpose of § 301(9) even if the claimant has moved. The appellate commission committed a further error of law by concluding that the only question presented where a claimant has moved is whether the claimant has reasonable cause for refusing an employment offer. The appellate commission's erroneous statutory construction caused it to fail to apply the proper legal framework and also caused it to apply the law incorrectly to its findings of fact. Accordingly, the opinion and order of the appellate commission must be reversed, and the order of the magistrate must be reinstated.

Reversed.

MARKMAN, P.J., dissenting, stated that the opinion and order of the appellate commission should be affirmed, because although the commission erred in interpreting § 301(9) to mean that an offer of employment at the site of the employment where a claimant was injured is always a reasonable distance from the claimant's residence for the purpose of that subsection, it nevertheless properly considered the separate factual question under § 301(5)(a) whether the plaintiff refused an offer of reasonable employment for "good and reasonable cause." Because the commission's finding of fact with respect to the question whether the plaintiff's refusal was for good and reasonable cause was supported by competent evidence,

the opinion and order of the appellate commission should be affirmed.

1. WORKER'S COMPENSATION — OFFERS OF REASONABLE EMPLOYMENT — REFUSAL OF OFFERS.

The correct test to be applied to claims for worker's compensation work-loss benefits where an employee has refused an employer's offer of favored work is whether a bona fide offer of reasonable employment was made by the employer and whether the employee refused such employment without good and reasonable cause; the questions whether an offer of reasonable employment was made and whether such offer was refused without good and reasonable cause are questions of fact (MCL 418.301[5][a],[9]; MSA 17.237[301][5][a], [9]).

2. WORKER'S COMPENSATION — OFFERS OF REASONABLE EMPLOYMENT — REASONABLE DISTANCE FROM RESIDENCE.

It is an error of law for the Worker's Compensation Appellate Commission to conclude as a matter of law that an offer of employment by an employer is within a reasonable distance of an employee's residence for the purpose of the favored-work provision of the Worker's Disability Compensation Act if the offered employment is within a reasonable distance of the employee's residence at the time the employee was injured even though the employee had moved away from the area in which the employment was offered by the time the offer of employment was made (MCL 418.301[9]; MSA 17.237[301][9]).

*Zamler, Mellen & Shiffman, P.C.* (by *Donald Shiffman*), and *Daryl Royal*, of Counsel, for the plaintiff.

*Kluczynski, Girtz, Zamler & McCubbrey, P.C.* (by *Ronald A. Weglarz*), for the defendant.

ON REMAND

Before: MARKMAN, P.J., and SMOLENSKI and G. S. BUTH*, JJ.

SMOLENSKI, J. This worker's compensation case is before us on remand from our Supreme Court for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

consideration as on leave granted. 449 Mich 893 (1995). Plaintiff appeals from an order of the Worker's Compensation Appellate Commission that, in relevant part, modified the magistrate's open award of benefits by denying benefits effective July 31, 1990. We reverse the decision of the WCAC and reinstate the magistrate's decision.

At issue in this case are the reasonable employment provisions of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, which represent a partial codification of the judicially created favored-work doctrine. *Pulver v Dundee Cement Co*, 445 Mich 68, 74; 515 NW2d 728 (1994). We thus begin by quoting the relevant statutory language:

> (5) If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:
>
> (a) If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer, or through the Michigan employment security commission and the employee refuses that employment without good and reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the work force and is no longer entitled to any wage loss benefits under this act during the period of such refusal.
>
> *       *       *
>
> (9) "Reasonable employment", as used in this section, means work that is within the employee's capacity to perform that poses no clear and proximate threat to that employee's health and safety, *and that is within a reasonable distance from that employee's residence.* [MCL 418.301(5)(a) and (9); MSA 17.237(301)(5)(a) and (9) (emphasis supplied).]

The facts relevant to this case are as follows. In 1970, plaintiff began working for defendant as a nurses' assistant. In June 1988, plaintiff injured her left elbow at work when she struck it on a metal cart. Plaintiff was sent home from work. She began receiving treatment from various doctors. Defendant began voluntarily paying worker's compensation benefits to plaintiff.

In December 1989, defendant instructed plaintiff to report for work. On her first day back, plaintiff, while working a two-handed job, reinjured her elbow when she struck it on a trash can while attempting to lay a sheet on an examining table. Plaintiff was again sent home from work.

In April 1990, plaintiff moved to Ohio and got married to an Ohio resident. Following the wedding, plaintiff informed defendant's personnel department that she intended to live in Ohio.

In July 1990, defendant sent plaintiff a written job offer of one-handed work. At this time, plaintiff was residing in Ohio approximately 142 miles from defendant's hospital. Plaintiff did not respond to the letter. Defendant discontinued paying benefits to plaintiff. Plaintiff petitioned for wage-loss benefits. Following a hearing, the magistrate found that plaintiff had suffered a work-related injury in June 1988, and, as a result, had become partially disabled. The magistrate found that plaintiff had suffered a second work-related injury in December 1989 that aggravated her existing partial disability. The magistrate concluded that plaintiff continued to be partially disabled.

Concerning defendant's July employment offer, the magistrate found as follows:

All the doctors agree that plaintiff could do a one-handed job. I so find. Defendant offered plaintiff a one-handed [sic] in July of 1990. However, in April of 1990 plaintiff moved her domicile to Lima, Ohio and was living there with her new husband in July of 1990. The offered job was approximately 142 miles from plaintiff's new residence. Under Section 301(9) "reasonable employment" is employment "within a reasonable distance from that employee's residence." I find that the job offered in July of 1990 by defendant was not a reasonable offer of work due to the inordinate distance between plaintiff's residence and the offered work.

The magistrate found that plaintiff was entitled to an open award of wage-loss benefits.

Defendant appealed the magistrate's decision to the WCAC, raising numerous grounds. The WCAC affirmed the magistrate's decision in all respects except with respect to defendant's contention that plaintiff did not make a good-faith attempt at performing its July 1990 offer of employment. Concerning this argument, the WCAC stated as follows:

The portion of the statute at issue defines "reasonable employment" as follows:

"MCL 418.301(9) [MSA 17.237(301)(9)]. 'Reasonable employment,' as used in this section, means work that is within the employee's capacity to perform that poses no clear and proximate threat to that employee's health and safety, and that is within a reasonable distance from that employee's residence."

In construing whether injured employees have justifiably refused offers of favored work when the employee has moved, courts have asked whether there is good and reasonable cause for the employee's refusal of favored work. A factor in that analysis is the distance between the location of work and either an employee's residence at the time of injury *or* at the time of the offer. We highlight the following cases discussing this section of the statute.

Most recent is the Supreme Court opinion in [*Pulver,* *supra*]. In that case, one month after the injured plaintiff moved to Florida, defendant offered her favored employment. She was not yet reemployed, nor being rehabilitated. However, she testified to keeping in touch with the employer for more than a year after her injury to see if there was favored work available. One month after selling "all" her possessions, leasing a condominium in Florida and "attempting to seek work" there, defendant's offer was made.

The Supreme Court remanded the case stating the determination of whether the refusal of reasonable employment is for good and reasonable cause is a question of fact. The Court listed examples of factors to consider as:

"(1) the timing of the offer, (2) if the employee has moved, the reasons for moving, (3) the diligence of the employee in trying to return to work, (4) whether the employee has actually returned to work with some other employer and, (5) whether the effort, risk, sacrifice or expense is such that a reasonable person would not accept the offer." *Id.,* 13.

Under the facts of this case, the magistrate only examined the fact that plaintiff has moved away and not any other consideration. Pursuant to *Pulver,* this analysis is insufficient.

In what had been the seminal case in Michigan for years on this issue, *Bower v Whitehall Leather Co,* 412 Mich 172 [312 NW2d 640] (1981), the injured plaintiff moved to Florida with his wife after his injury. Both found employment there. Plaintiff rejected defendant's offer of favored work. The Court stated the purpose of the worker's compensation act is to "encourage [the worker] to rehabilitate himself. . . . It is in the interest of the employer, the employee, and the public to have the employee return to gainful employment as soon as possible." *DeTroyer v Ernst Kern Co,* 282 Mich 689, 694 [277 NW 199] (1937). The Court praised plaintiff's actions stating that such "initiative and industriousness, should be encouraged. To deny benefits in the instant circumstances not only would punish this employee for finding and holding substitute work, but also would severely

undercut the rehabilitative and mitigative purposes of the act." [*Bower, supra*], 192.

In *Bower*, the Supreme Court cited *Morrison v Merrick's Super Market, Inc*, 300 Minn 535 [220 NW2d 344] (1974), where an employee refused favored work made while he was engaged in a retraining program. His refusal was justified because his actions comported with the remedial nature of the act and with "the more specific statutory purpose of 'encouraging injured workers to increase their employability through retraining'." [*Bower, supra*] 195-196.

Further, the Court stated:

"It should be recognized that we do not hold that just any personal consideration may excuse a refusal of favored work. Nor may an employee avoid returning to work tendered upon a good-faith offer by merely removing himself from the locality of the employer. *Only under circumstances similar to those in the instant case, where the claimant's actions further the policies of the statute, can such a rejection be justified."* *Id.*, 196. (Emphasis ours.)

We interpret this case to mean that so long as an employee's activities in the new location further the act's purposes of rehabilitation or reemployment, the employee is justified in refusing the offer of favored work.

The sequence of events in this case are plaintiff's June 1989 injury, her August 1989 engagement, her December 1989 reinjury, her April 1990 marriage and relocation and defendant's July 1990 offer to return her to favored employment. Her refusal to return was based on the distance of 140 miles and on personal reasons. She was living with her husband in Lima, Ohio in a three-room apartment. She remained unemployed and was collecting welfare benefits. She testified she had not earned any income since she had left Michigan but was collecting food stamps. While her husband had been employed at the time of their wedding, at the time of trial he was laid off and was a student. Plaintiff testified at hearing:

"I live in Ohio. I'm a resident of Ohio. I have no intentions of, you know, coming back here unless my husband wants to come back and he's made it very clear, he's laid off and we live there."

We observe in the record of this case no indication whether plaintiff even looked for work in the Lima, Ohio area.

The magistrate did not address these facts in his conclusion that plaintiff was justified in refusing defendant's offer of favored work. As stated above, his only consideration appears to be the distance between Hutzel Hospital and plaintiff's husband's apartment.

As the previously cited case law demonstrates, an offer of favored work at the site where a plaintiff was injured is always a "reasonable distance from that employee's residence" under MCL 418.301(9) [MSA 17.237(301)(9)] regardless of whether plaintiff has moved. Once an employee moves away, the proper analysis must be made under [MCL 418.301(5)(a); MSA 17.237(301)(5)(a)]. There must be good and reasonable cause for refusal in accord with the statutory purposes of the Workers' Disability Compensation Act. *Pulver*, [*supra*]; *Bower*, *supra*.

Because the magistrate's analysis under *Pulver* was incomplete, we exercise our limited fact finding power recognized in *Holden v Ford Motor Co*, 439 Mich 257 [484 NW2d 227] (1992) and conclude plaintiff's refusal was unreasonable under the broad range of factors recited in *Pulver* and when contrasted to the statutory purposes cited in *Bower*. Plaintiff was neither employed nor being rehabilitated. The offer came only three months after plaintiff voluntarily terminated her physical therapy and left Michigan; there is no evidence of plaintiff seeking or obtaining any employment in Ohio; the favored work offered involved observing a monitor and was within plaintiff's medical restrictions and thus involved no risk preventing her from accomplishing her tasks; and finally as shown *supra*, she was seen in Michigan visiting family which at the least demonstrated an ability to return. Based on the record before us, we find plaintiff's refusal of the favored work without good and reasonable cause and deny benefits as of the date plaintiff was to begin work, July 31, 1990.

Plaintiff appeals this decision.

Our review of worker's compensation cases is limited. We are concerned only with whether the WCAC

applied the correct legal test and whether there is any competent evidence to support its factual findings. *Pulver, supra* at 82; *Darling v Inter City Trucking (On Remand)*, 221 Mich App 521, 523-524; 561 NW2d 865 (1997). In cases involving reasonable employment under § 301(5)(a) of the WDCA, the correct legal test is whether a bona fide offer of reasonable employment was made by the employer and whether the employee refused such employment without good and reasonable cause. *Pulver, supra* at 82. The questions whether an offer of reasonable employment was made and whether such offer was refused without good and reasonable cause are themselves questions of fact. *Pulver, supra* at 77.

Even if the WCAC fails to develop its analysis, there is no error if the WCAC applies the correct legal test. *Id.* at 82. Moreover, the specific facts of a particular case may be pertinent to both the determination of the reasonableness of the employer's offer and the determination of the reasonableness of the employee's refusal. *Derr v Murphy Motors Freight Lines*, 452 Mich 375, 384-386; 550 NW2d 759 (1996) (MALLETT, J., with CAVANAGH and LEVIN, JJ., concurring). Thus, in *Derr*, Justice MALLETT stated in a plurality opinion that the WCAC does not necessarily err in discussing such facts in the context of the employee's refusal rather than first considering them in the context of the employer's offer. *Id.*

In this case, the WCAC's opinion indicates that it was generally aware that the correct legal test consists of the questions whether the employer made an offer of reasonable employment and whether the employee unreasonably refused such offer. Moreover, its finding that plaintiff refused defendant's job offer without

good and reasonable cause appears to be supported by some competent evidence. However, plaintiff takes issue with the following portions of the WCAC's opinion:

> In construing whether injured employees have justifiably refused offers of favored work when the employee has moved, courts have asked whether there is good and reasonable cause for the employee's refusal of favored work. A factor in that analysis is the distance between the location of work and either an employee's residence at the time of injury *or* at the time of the offer.
>
> *         *         *
>
> As the previously cited case law demonstrates, an offer of favored work at the site where a plaintiff was injured is always a "reasonable distance from that employee's residence" under MCL 418.301(9) [MSA 17.237(301)(9)] regardless of whether plaintiff has moved. Once an employee moves away, the proper analysis must be made under Section 301(5)(a). There must be good and reasonable cause for refusal in accord with the statutory purposes of the Workers' Disability Compensation Act. *Pulver*, [*supra*] *Bower*, *supra*.

Plaintiff contends that the WCAC erroneously construed § 301(9) as providing that an employment offer at the site where the employee was injured is always a reasonable distance from the employee's residence regardless of whether the employee has moved. Relying on *Bingham v American Screw Products Co*, 398 Mich 546, 552; 248 NW2d 537 (1976), a case that construed the "suitable work" provisions of the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*; MSA 17.501 *et seq.*, plaintiff contends that § 301(5)(a) and § 301(9) of the WDCA, properly construed together, provide that an offer of work is not an offer of "rea-

sonable employment" if the offered work is not within a reasonable distance from the employee's residence *at the time of the offer*. Plaintiff also contends that the WCAC opinion erroneously indicates that the reasonableness of the distance from an employment offer to the employee's residence can be measured as of either the time of the injury or the time of the job offer.

A decision of the WCAC is subject to reversal if the WCAC operated within the wrong legal framework or its decision was based on erroneous legal reasoning. *Darling, supra.* Moreover, error may be committed by basing a finding of fact on a misconception of law or by failing to correctly apply the law. *Price v Westland,* 451 Mich 329, 336-337; 547 NW2d 24 (1996). Statutory interpretation is a question of law. *Golf Concepts v Rochester Hills,* 217 Mich App 21, 26; 550 NW2d 803 (1996). Generally, this Court will defer to the construction placed upon statutory provisions by a particular department of government. *Bachman v Dep't of Treasury,* 215 Mich App 174, 182; 544 NW2d 733 (1996). However, this principle does not control where the agency interpretation is clearly wrong. *Id.*

Because we find persuasive plaintiff's reliance on the *Bingham* Court's analysis of the suitable work provisions of the MESA, we begin our analysis by considering *Bingham.* At the time *Bingham* was decided, § 29(1)(e) of the MESA, MCL 421.29(1)(e); MSA 17.531(1)(e), provided that an individual was disqualified from receiving benefits under the MESA "in all cases in which he . . . (e) Has failed without good cause to accept suitable work when offered

him . . . ."[1] See *Bingham, supra* at 563. At the time *Bingham* was decided, § 29(6) of the MESA, MCL 421.29(6); MSA 17.531(6), defined suitable work as follows: "In determining whether or not any work is suitable for an individual, the commission shall consider . . . the distance of the available work from his residence."[2] See *Bingham, supra.*

In *Bingham*, the plaintiff employee left his employment in Michigan with the defendant employer because he was unable to find adequate housing for his wife and children, and returned to Kentucky. The defendant subsequently sent a notice to the plaintiff to report to work at his regular job. *Id.* at 553. The plaintiff refused the defendant's Michigan job offer because of its distance from his Kentucky home. *Id.* The Michigan Employment Security Commission (MESC) found that the plaintiff was not disqualified from receiving benefits under the MESA because the plaintiff had good cause for refusing the defendant's job offer. *Id.* An MESC referee and the MESC Appeal Board affirmed this finding. *Id.* at 554. The circuit court reversed the appeal board decision, in part and as relevant to this case, on the ground that the defendant's Michigan offer of employment while the plaintiff was living in Kentucky was "suitable." *Id.* This Court affirmed the circuit court's determination,

---

[1] Currently, § 29(1)(e) of the MESA provides that an individual is disqualified from receiving benefits under the MESA "if he or she . . . (e) Failed without good cause to accept suitable work offered to the individual . . . ." MCL 421.29(1)(e); MSA 17.531(1)(e).

[2] Currently, § 29(6) of the MESA provides as follows: "In determining whether work is suitable for an individual, the commission shall consider . . . the distance of the available work from the individual's residence." MCL 421.29(6); MSA 17.531(6).

57 Mich App 21; 225 NW2d 199 (1974), holding, as characterized by the Supreme Court, that

> as a matter of law the act required Bingham [the plaintiff] be available for work both at the locality in which he resided at the time the offer of work was made (Kentucky) and at the locality at which he resided during the period he earned his base period credit weeks (Michigan). [398 Mich 554-555.]

Our Supreme Court reversed the decision of this Court and reinstated the administrative determination of the MESC. *Id.* at 571. The Court stated that the issue whether the defendant's offer of reemployment was an offer of "suitable work" turned on the statutory meaning of the word "residence." *Id.* at 563. The Court stated that because the word "residence" is not defined in the MESA, it must be given its plain and ordinary meaning and noted that the ordinary meaning of "residence" has been defined as follows:

> "Residence means the place were one resides; an abode; a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention. There must be the fact of abode and the intention of remaining." [*Id.* at 564, quoting *Wright v Genesee Circuit Judge*, 117 Mich 244, 245; 75 NW 465 (1898).]

The Court also noted other definitions suggesting that a residence is one place and not several places. *Bingham, supra* at 564, citing *In re Scheyer's Estate*, 336 Mich 645, 651-652; 59 NW2d 33 (1953). The Court thus held:

> Applying this definition to the facts of this case, it is clear that Bingham's "residence," his "settled or permanent home," where he "intends to remain," is Pineville, Kentucky. Therefore, under § 29(1)(e) read in conjunction with

§ 29(6), Bingham was not disqualified for refusing American Screw Works' reemployment offer because his refusal was with "good cause"; the offer was not an offer of "suitable work" because the locality of the reemployment offer (Farmington, Michigan) was clearly an unreasonable distance from his Pineville, Kentucky residence. We hold that the claimant was not disqualified. [*Bingham, supra* at 564-565.]

The Court found clearly erroneous this Court's holding that "residence" meant both the locality in which the claimant resided at the time of the job offer and the localities in which the claimant resided during the period he earned the base period credit weeks. *Id.* at 565. As relevant to this case, the Court stated that to interpret residence as meaning that a person may reside in two or more places would essentially amend § 29(6) "to reach a result contrary to that mandated by the plain language fixed by the Legislature." *Id.* The Court also noted that § 29(6) focuses on the "locality of residence."

Like *Bingham,* we construe the definition of "reasonable employment" contained in § 301(9) as focusing on the locality of the employee's residence at the time an offer of employment is made. However, the word "residence" is undefined in § 301(9). Thus, we hold that its ordinary meaning, as defined in *Bingham,* applies. Accordingly, the plain language of § 301(5)(a) and § 301(9), read in conjunction, indicates that an offer of employment is not an offer of "reasonable employment" unless the employment "is within a reasonable distance from that employee's residence," i.e., the one place the employee actually and permanently intends to reside, at the time the offer is made.

In this case, the WCAC interpreted § 301(5)(a) and § 301(9) of the WDCA as providing that if an offer of employment originates from the site where the plaintiff was injured then such offer is, as a matter of law, always a reasonable distance from the employee's residence regardless of whether the employee has moved. The WCAC then held that the proper analysis in cases where the employee has moved is simply whether the employee has good and reasonable cause for refusing the offer. However, the WCAC's interpretation is contrary to the plain language of subsections 5(a) and 9 of § 301 and effectively amends these subsections to reach a result not intended by the Legislature. As indicated above, when distance is a factor in determining whether a job offer constitutes "reasonable employment," the plain language of subsections 5(a) and 9 focuses on the locality of the employee's residence at the time the employment offer is made. The issue of distance is a question of fact. *Pulver*, *supra* at 77. The statute does not provide that, in certain instances, "reasonable distance" is established as a matter of law.

As authority for its interpretation, the WCAC relied on *Pulver* and *Bower* as engrafting such a judicial gloss to the statutory language of § 301(5)(a) and § 301(9). We disagree with the WCAC's assessment of these cases. First, the *Bower* Court was not faced with the statutory language contained in § 301(9) because it was decided in the context of the common-law favored-work doctrine. Under the common law, favored work was typically defined with respect to the employee's physical ability to do the favored work. See, e.g., *Michales v Morton Salt Co*, 450 Mich 479, 487; 538 NW2d 11 (1995) ("Favored work entails

the modification of an employee's duties that in some manner accommodates the employee's injury."); *Bower, supra* at 182 (Favored work . . . can be loosely defined as less strenuous post-injury work."). In *Bower*, there was no question but that the defendant employer offered the plaintiff employee work within the plaintiff's physical limitations, i.e., favored work. *Bower, supra* at 180-181, 190-191. Thus, we see no anomaly in the *Bower* Court's consideration of the circumstances of the employee's move as factors affecting the issue whether the employee reasonably refused the undisputed offer of favored work. Moreover, the *Bower* Court specifically noted that its decision was consistent with *Bingham*. *Bower, supra* at 196, n 16.

In *Pulver, supra* at 70, n 2, the Court did not consider the issue whether the job offer met the statutory definition of reasonable employment because that issue was not properly preserved by the plaintiff. However, the *Pulver* Court specifically noted that the lower tribunals should have focused on the statutory requirements of reasonable employment, but that it would ignore the error for the purposes of its opinion. *Id.* at 73, n 6.

Accordingly, neither *Bower* nor *Pulver* stands for the construction of § 301(5)(a) and § 301(9) advocated by the WCAC (that an employment offer at the site of the employee's injury is always a reasonable distance from the employee's residence regardless of whether the employee has moved and that the proper analysis in cases where the employee has moved is simply whether the employee unreasonably refused the offer) because these cases did not consider the statutory requirements of reasonable employment.

We acknowledge that under current law an employee's move to a new location is relevant to determining both the question whether an employment offer constituted reasonable employment, § 301(9) of the WDCA, as well as the question whether the employee unreasonably refused an offer of reasonable employment, *Pulver, supra* at 81. Moreover, a bad-faith attempt to avoid accepting a bona fide offer of reasonable employment by moving never constitutes good and reasonable cause. *Id.* at 79, 81, n 12; *Bower, supra* at 196.

However, in this case, the WCAC did not simply consider the fact of plaintiff's move as a relevant fact in its determination whether plaintiff unreasonably refused defendant's employment offer. Rather, the WCAC committed an error of law in construing § 301(5)(a) and § 301(9) as providing that an offer of employment at the site where the employee was injured is always a reasonable distance from that employee's residence regardless of whether the employee has moved. As explained above, this holding is contrary to the plain statutory language and no authority for such construction can be found in either *Pulver* or *Bower*. The WCAC's legal error permitted it to find, as a matter of law, that defendant's offer was for "reasonable employment." However, whether an offer is for "reasonable employment" is a question of fact. The WCAC then committed further legal error in construing § 301(5)(a) and § 301(9) as providing that when an employee moves, the proper analysis is only whether the employee has reasonable cause for refusing an employment offer. Again, this holding is contrary to the plain statutory language and no authority

for such construction can be found in either *Pulver* or *Bower.*

Accordingly, we conclude that the WCAC's erroneous statutory construction caused it both to apply improperly the proper legal framework and to apply incorrectly the law to its findings of fact. We therefore reverse the opinion and order of the WCAC and reinstate the magistrate' decision. In light of this holding, we need not address plaintiff's remaining issues.

Reversed. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.

G. S. BUTH, J., concurred.

MARKMAN, P.J., *(dissenting)*. I respectfully dissent. As long as the WCAC applies the correct legal standard and there is any competent evidence to support its findings, the courts are not to disturb the WCAC's findings. *Pulver v Dundee Cement Co*, 445 Mich 68, 82-83; 515 NW2d 728 (1994); *York v Wayne Co Sheriff's Dep't*, 219 Mich App 370; 556 NW2d 882 (1996). Here, the issue is whether plaintiff refused "a bona fide offer of reasonable employment," as defined by MCL 418.301(9); MSA 17.237(301)(9), for "good and reasonable cause" under MCL 418.301(5)(a); MSA 17.237(301)(5)(a).

The *Pulver* Court held that the question whether a refusal of reasonable employment is for good and reasonable cause is one of fact, not law. *Id.* at 81, 83. It held:

> We do not attempt to divine what "good and reasonable cause" is. What is reasonable in one situation may not be in another. Therefore no exhaustive definition could ever be formed to encompass the varied nuances of such a deceptively simple legal principle as "good and reasonable cause."

The case at bar does, however, provide examples of some of the factors that may be considered in gauging the reasonableness of an employee's actions.

These factors may include: (1) the timing of the offer, (2) if the employee has moved, the reasons for moving, (3) the diligence of the employee in trying to return to work, (4) whether the employee has actually returned to work with some other employer and, (5) whether the effort, risk, sacrifice or expense is such that a reasonable person would not accept the offer.

We provide these factors merely as examples. Not every personal consideration will constitute good and reasonable cause entitling an employee to continued benefits after a refusal of an offer of reasonable employment. It is left to the sound discretion of the factfinder to carefully examine the facts and circumstances of each case to determine what is good and reasonable cause in any given situation. [*Id.* at 81-82.]

The *Pulver* Court reinstated the decision of the WCAB (the predecessor of the WCAC), concluding that competent evidence supported the WCAB's finding that the plaintiff had "good and reasonable cause" for refusing the defendant's offer in the context of her move to Florida. *Id.* at 82-83. It specifically noted that the plaintiff repeatedly called the defendant over a one-year period inquiring into the availability of work and that when she was unable to find suitable work she moved to Florida in a good-faith effort to improve her health, be closer to her family, and find suitable work. *Id.* She signed a one-year lease and paid a security deposit, evidencing her intent to live there permanently. *Id.* at 83. On the basis of these facts, the WCAB found that plaintiff did not move to avoid the job offer in Michigan. *Id.*

*Bower v Whitehall Leather Co*, 412 Mich 172; 312 NW2d 640 (1981), also involved an injured employee

who moved out of state. The plaintiff and his wife obtained employment in Florida. The Court noted the purposes of the Worker's Disability Compensation Act: to compensate the employee while incapacitated and to encourage him to rehabilitate himself and return to gainful employment. *Id.* at 191. It rejected an absolute rule requiring employees to accept favored work that they are physically capable of performing without consideration of various nonphysical factors. *Id.* at 194. It found that the plaintiff refused the defendant's offer of work for "good and reasonable cause." It held at 196:

> It should be recognized that we do not hold that just any personal consideration may excuse a refusal of favored work. Nor may an employee avoid returning to work tendered upon a good-faith offer by merely removing himself from the locality of the employer. Only under circumstances similar to those in the instant case, where the claimant's actions further the policies of the statute, can such a rejection be justified.

In the instant case, the WCAC found that the magistrate erred in finding that plaintiff refused an offer of reasonable work for "good and reasonable cause" under § 301(5)(a). The WCAC found that the magistrate's analysis was inadequate because he considered only the distance between defendant's place of business and plaintiff's new residence in Ohio. *Pulver* and *Bower* indicate that when a party moves far from the defendant's place of business, additional inquiry into the circumstances of the move and efforts to obtain employment in the new location are necessary to the analysis of the question of the party's continued eligibility for benefits. *Pulver* at 81-82; *Bower* at 196.

Accordingly, I believe that the WCAC correctly con-
cluded that the magistrate's analysis was inadequate.

As with the magistrate, plaintiff argues that the dis-
tance between the work offered by defendant and her
new residence is dispositive of her claim. She relies
on *Bingham v American Screw Products*, 398 Mich
546, 563-364; 248 NW2d 537 (1976), a case under the
Michigan Employment Security Act, for the proposi-
tion that her "residence" for purposes of § 301(9) was
Ohio rather than Michigan. The *Bower* Court indi-
cated that its decision was consistent with *Bingham*.
*Bower* at 196, n 16. Plaintiff seems to argue that the
unreasonable distance of the offer from her new resi-
dence precluded the offer from being "reasonable
employment" under § 301(9) and that no further anal-
ysis need be made under § 301(5)(a). However, in
*Bingham* itself, the Court did not end its analysis
with whether the offer was reasonable in light of the
distance but also considered the distance in the con-
text of the ultimate issue whether the plaintiff had
good cause to refuse the offer. *Bingham* at 571. More-
over, as noted above, *Pulver* and *Bower* clearly indi-
cate the necessity of considering the circumstances of
the move and the party's efforts to obtain employ-
ment in the new location in analyzing the question of
the party's continued eligibility for benefits upon a
move.

In its opinion here, the WCAC next stated: "As the
previously cited case law demonstrates, an offer of
favored work at the site where a plaintiff was injured
is always a 'reasonable distance from that employee's
residence' under MCL 418.301(9) [MSA
17.237(301)(9)] regardless of whether plaintiff has
moved." The cited case law does not, in my judgment,

demonstrate this proposition. However, contrary to the majority opinion's contention, the WCAC did not construe both § 301(5)(a) and § 301(9) as providing that, as a matter of law, an offer at the site where the plaintiff was injured is always a reasonable distance from the employee's residence, regardless of whether the plaintiff has moved. Rather, it only so construed § 301(9). In short, the WCAC assumed that there was an offer of "reasonable employment" under § 301(9) without considering the distance of the offer from plaintiff's new residence. However, it then proceeded to analyze properly the present case under § 301(5) by considering the factors set forth in *Pulver* and *Bower* to determine if plaintiff had "good and reasonable cause" to refuse the offer. As the majority opinion notes, in a plurality opinion in *Derr v Murphy Motors Freight Lines*, 452 Mich 375, 384-386; 550 NW2d 759 (1996), the Michigan Supreme Court stated that the WCAC does not necessarily err in considering the proper facts in the context of discussing the employee's *refusal* rather than in the context of the employer's *offer*.

In its opinion here, the WCAC held:

> The sequence of events in this case are plaintiff's June 1989 injury, her August 1989 engagement, her December 1989 injury, her April 1990 marriage and relocation and defendant's July 1990 offer to return her to favored employment. Her refusal to return was based on the distance of 140 miles and on personal reasons. She was living with her husband in Lima, Ohio in a three-room apartment. She remained unemployed and was collecting welfare benefits. She testified she had not earned any income since she had left Michigan, but was collecting food stamps. While her husband had been employed at the time of the wedding, at

the time of trial he was laid off and was a student. Plaintiff testified at hearing:

"I live in Ohio. I have no intention of, you know, coming back here unless my husband wants to come back and he's made it very clear, he's laid off and we live there."

We observe in the record of this case no indication whether plaintiff even looked for work in the Lima, Ohio area.

\*   \*   \*

. . . Once an employee moves away, the proper analysis must be made under § 301(5)(a). There must be good and reasonable cause for refusal in accord with the statutory purposes of the Worker's Disability Compensation Act. *Pulver* [*supra*] *Bower, supra.*

Because the magistrate's analysis under *Pulver* was incomplete, we exercise our limited fact finding powers recognized in *Holden v Ford Motor Co*, 439 Mich 257 (1992) and conclude plaintiff's refusal was unreasonable under the range of factors recited in *Pulver* and when contrasted to the statutory purposes cited in *Bower*. Plaintiff was neither employed nor being rehabilitated. The offer came only three months after plaintiff voluntarily terminated her physical therapy and left Michigan; there is no evidence of plaintiff seeking or obtaining any employment in Ohio; the favored work offered involved observing a monitor and was within plaintiff's medical restrictions and thus involved no risk preventing her from accomplishing her tasks; and finally as shown *supra*, she was seen in Michigan visiting family which at the least demonstrated an ability to return. Based on the record before us, we find plaintiff's refusal of favored work without good and reasonable cause and deny benefits as of the date plaintiff was to begin work, July 31, 1990.

On the basis of that portion of the WCAC's opinion, I believe that, despite its misstatement of the law regarding § 301(9), the WCAC ultimately applied the correct legal standard in analyzing plaintiff's claim. It considered the factors outlined in *Pulver* and *Bower*

to determine whether plaintiff refused an offer of "reasonable employment" for "good and reasonable cause." Further, their factual findings are supported by more than competent evidence. Therefore, I would affirm the WCAC's opinion.