BALL v CHRYSLER CORPORATION

Docket No. 188849. Submitted June 4, 1997, at Detroit. Decided September 2, 1997, at 9:15 A.M.

Samuel K. Ball brought a negligence action in the Macomb Circuit Court against John S. Dewey, Michael J. Picraux, and Chrysler Corporation after he was injured as a passenger of Dewey in a car leased by Picraux from Chrysler under a lease program for Chrysler employees and retirees. The court, Michael D. Schwartz, J., denied summary disposition for Chrysler, which had argued that there existed no genuine issue concerning the fact that it was a lessor and that it was entitled to judgment as a matter of law because automobile lessors are not subject to liability under the owner's liability statute, MCL 257.401; MSA 9.2101. Chrysler appealed by leave granted.

The Court of Appeals *held*:

A person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period that is greater than thirty days is not an owner for purposes of the owner's liability statute. MCL 257.401(2); MSA 9.2101(2), MCL 257.401a; MSA 9.2101(1). Chrysler is one such lessor, notwithstanding the two-year lease agreement under which Chrysler presumably extended a discount to Picraux, required him to complete periodic written evaluations of the automobile, and retained the right to unilaterally amend the terms of the lease at any time and to offer replacement or substitute vehicles.

Reversed and remanded for entry of an order of summary disposition for Chrysler.

Automobiles — Owner's Liability — Lessors.

An automobile manufacturer that leases an automobile to its employee for a period greater than thirty days under an agreement by which the manufacturer offers a discounted lease rate, requires periodic written evaluation of the automobile, and retains the right to unilaterally amend the terms of the lease at any time and to offer replacement or substitute vehicles is not an owner of the automobile for purposes of the statute that makes automobile owners civilly liable for personal injury or property damage caused by

the negligent operation of their automobiles (MCL 257.401[2], 257.401a; MSA 9.2101[2], 9.2101[1]).

*York, Dolan & Ciaramitaro* (by *John A. Dolan*), for the plaintiff.

*DeNardis, McCandless & Muller, P.C.* (by *William McCandless*), for the defendant.

Before: MacKenzie, P.J., and Neff and Markey, JJ.

Neff, J. Defendant Chrysler Corporation appeals by leave granted the circuit court's denial of its motion for summary disposition in plaintiff Samuel K. Ball's action against Chrysler and defendants John S. Dewey and Michael J. Picraux for injuries arising from an automobile accident.[1] We reverse and remand.

I

Chrysler leases motor vehicles to certain categories of its employees as part of its normal business operations. In December 1992, Picraux leased a 1992 Dodge Spirit automobile through Chrysler's "Employee/-Retiree Car Lease Program." The lease was for two years. As part of the lease agreement, Picraux was required to complete surveys regarding the car at certain mileage intervals.

Dewey, Picraux's stepson, was driving the leased automobile shortly after midnight on July 4, 1993. Plaintiff was a passenger in the vehicle. Dewey lost control of the car, which rolled over, injuring plaintiff. Plaintiff sued defendants for automobile negligence and negligent entrustment of an automobile.

---

[1] Neither Picraux nor Dewey is a party to this appeal.

Chrysler filed a motion for summary disposition of the claims against it pursuant to MCR 2.116(C)(10), arguing that, as a lessor, it was not subject to liability under the owner's liability statute, MCL 257.401; MSA 9.2101, which expressly exempts from liability one engaged in the business of leasing motor vehicles and who is the lessor of a vehicle under a lease for a period greater than thirty days. Chrysler noted that it was uncontested that it leases cars as part of its business and that the lease for Picraux's car was for two years. Plaintiff's counsel argued that the vehicle lease was not a true lease, but more like a vehicle-testing agreement, because the lessee had an obligation to make reports and provide information to Chrysler. The circuit court, opining that a question of fact existed regarding whether the agreement between Chrysler and Picraux was a lease or more akin to a vehicle-testing agreement or an employee fringe benefit, denied defendant's motion for summary disposition.

II

A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bourne v Farmers Ins Exchange*, 449 Mich 193, 197; 534 NW2d 491 (1995). The party opposing the motion may not rest on mere allegations or denials in the pleadings; rather, it must, by affidavit or other documentary evidence, set forth specific facts demonstrating a genuine issue for trial. *Allen v Comprehensive Health Services*, 222 Mich App 426, 433; 564 NW2d 914 (1997). We review de novo the trial court's grant or denial of

a motion for summary disposition under MCR 2.116(C)(10). *McGuirk Sand & Gravel, Inc v Meridian Mut Ins Co*, 220 Mich App 347, 352; 559 NW2d 93 (1996).

The question presented here is whether Chrysler was the "owner" of the vehicle driven by Dewey and, thus, subject to liability under MCL 257.401(1); MSA 9.2101(1), which provides in part:

> The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of the motor vehicle whether the negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in the operation of the motor vehicle as the rules of the common law requires [sic]. The owner shall not be liable, however, unless the motor vehicle is being driven with his or her express or implied consent or knowledge.

The purpose of this section is to place the risk of damage or injury on the owner, who has the ultimate control of the motor vehicle, as well as on the person who is in immediate control. *Bieszck v Avis Rent-A-Car System, Inc*, 224 Mich App 295, 298; 568 NW2d 401 (1997); *North v Kolomyjec*, 199 Mich App 724, 726; 502 NW2d 765 (1993).

As noted by Chrysler, the Legislature has exempted from liability certain lessors of vehicles. To this end, § 401(2) of the Vehicle Code provides as follows:

> A person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days is not liable at common law for damages for injuries to either person or property resulting from the operation of the leased motor vehicle. [MCL 257.401(2); MSA 9.2101(2).]

Section 401a of the code further provides:

> As used in this chapter, *"owner" does not include a person engaged in the business of leasing motor vehicles* who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days. [MCL 257.401a; MSA 9.2101(1) (emphasis added).]

Chrysler argues that the circuit court erred in not determining that it was "in the business of leasing motor vehicles" and thus was not an "owner" subject to liability under MCL 257.401(1); MSA 9.2101(1). We agree.

III

When interpreting a statute, our goal is to ascertain and effectuate the meaning intended by the Legislature. *Eaton Farm Bureau v Eaton Twp*, 221 Mich App 663, 665; 561 NW2d 884 (1997). Where the language of the statute is clear and unambiguous, the plain meaning of the statute reflects the Legislature's intent, and judicial construction is not permitted. *Darling v Inter City Trucking (On Remand)*, 221 Mich App 521, 525; 561 NW2d 865 (1997). In such cases, this Court will simply apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995).

Under consideration here is the owner's liability statue, which expressly excludes lessors from liability where the lessor is "engaged in the business of leasing motor vehicles" and leases a motor vehicle pursuant to a lease that exceeds thirty days. MCL 257.401(2); MSA 9.2101(2), MCL 257.401a; MSA 9.2101(1), see *Hill v General Motors Acceptance Corp*, 207 Mich App 504, 509; 525 NW2d 905 (1994).

A

Turning to the record before us, plaintiff presented no evidence to counter the affidavit that Chrysler was in the business of leasing motor vehicles. Rather, plaintiff argued that the agreement between Chrysler and Picraux, under Chrysler's employee/retiree lease program, was not a true lease. We disagree. Although the program presumably gave Picraux a discount lease rate and required that he fill out questionnaires from time to time, there is no question that the agreement between Chrysler and Picraux was an automobile lease. Nothing in the statute requires that the lessor's primary business be retail leasing, or, for that matter, that the lease be profitable. There is no issue of material fact that Chrysler was "in the business of leasing motor vehicles."

B

Plaintiff also argued that the agreement between Chrysler and Picraux was terminable at will and thus not "for a period that is greater than thirty days" as required by § 401(2) and § 401a. Again, we disagree.

As plaintiff notes, Chrysler retained the right to unilaterally amend the terms of the lease program at any time and to offer replacement or substitute vehicles at its discretion. However, the express terms of the lease contemplated that a lessee would keep a vehicle for a period of approximately two years. Indeed, in the instant case, Picraux had possession of the vehicle in question for six months before the accident in which plaintiff was injured. Plaintiff presented no evidence to counter the clear evidence that the lease at issue was "for a period of more than thirty days."

IV

In sum, there is no question of material fact that Chrysler is in the business of leasing vehicles and that the lease between Chrysler and Picraux was for a period of more than thirty days. Accordingly, under the plain and unambiguous language of the owner's liability statute, Chrysler is not the "owner" of the vehicle involved in the instant case. MCL 257.401, 257.401a; MSA 9.2101, 9.2101(1). The circuit court erred in denying Chrysler's motion for summary disposition pursuant to MCR 2.116(C)(10).

Reversed and remanded to the circuit court for entry of an order granting summary disposition for Chrysler. We do not retain jurisdiction.